WHITNEY *vs.* LEWIS and others.

Where lands were sold and conveyed by deed, containing a covenant for *quiet enjoyment,* and the purchaser executed his bond for the consideration money, *it was held,* that it is no defence to an action on the bond, that the grantor was *not seised in fee* and *had no right to convey* the premises, if there be no allegation of any fraudulent representation on the part of the plaintiff in respect to the title. The above facts showing neither a *failure* or *an original want* of consideration.

DEMURRER to declaration. The plaintiff declared in debt on bond dated 4th March, 1836, in the penal sum of $5000, conditioned for the payment of $2500, in six equal annual instalments, with interest. The defendants pleaded 1. *Non est factum ;* and, 2. That before the execution and delivery of the bond, to wit, on the said 4th March, 1836, the plaintiff and his wife, by deed of that date, for the consideration of $2500, did grant, bargain, sell, &c. unto the defendants, their heirs and assigns for ever, a certain piece of land in the village of *Oswego ;* and the plaintiffs, by the deed, covenanted with the defendants, their heirs and assigns, to warrant and defend them in the *quiet and peaceable possession* of the premises, against all and every person lawfully claiming or to claim the whole or any part thereof. That the bond was at the same time executed as a security for the payment of the purchase money ; that the plaintiff was not then and never had been seised in fee of the land, nor had he any right to convey in manner aforesaid ; but that Martin Van Buren then was, and ever since has been, the owner in fee of the land, claiming adversely to the plaintiff. That the plaintiff at the time of executing the deed, well knew that he was not seised in fee of the land, nor had the right to grant the same in manner aforesaid. That the defendants have not received, and are not entitled to an estate *in fee* in the land : nor have they received *any consideration whatever* for the balance remaining due on the bond, but therein the consideration has wholly failed ; and so the defendants say they have been defrauded in manner

aforesaid. Verification. There was a *third* plea substantially like the second. Demurrer to both pleas, and joinder.

*I. Williams,* for the plaintiff. The plea in this case, that the plaintiff was not *seised in fee* and *had no right to convey* the land, is no answer to an action of debt on bond for the recovery of the consideration money. The remedy of the defendants, if any, is to resort to the covenants in the deed. 16 Johns. R. 267. 12 id. 442. 13 id. 359. 10 id. 266. The mere knowledge of a grantor that he had not a *perfect* title at the time of the conveyance, in the absence of all fraudulent representations as to the title, does not affect his right to recover the consideration money. 2 Kent's Comm. 471. 2 Johns. Ch. R. 519. 5 Conn. R. 528. 19 Martin's Lou. R. 235. To make the defence good in this case, an *eviction* should have been averred. 2 Johns. Ch. R. 546. 20 Johns. R. 130. 2 id. 177. 17 Wendell, 188.

*A. Taber,* for the defendants. The consideration of a *bond* in an action upon it in a court of law, is inquirable into to the same extent as is the consideration of a simple contract in an action upon it, 2 R. S. 406, § 77, 11 Wendell, 106, 15 id. 359. The defendant by his plea shows that here is a *total failure of consideration,* 7 Johns. R. 324, 11 id. 50; and if for no other reason, the plea should be sustained, to prevent circuity of action. But there is another reason. The plea avers that the plaintiff *well knew* that he was not seised, and that he had no right to convey, and that they the defendants have not received any consideration, and so they have been *defrauded,* &c.; all which is admitted by the demurrer, and constitutes a perfect defence to the action. 1 Comyn on Cont. 38. 14 Wendell, 195.

When the counsel for the defendants mentioned 11 Johns. R. 50, the case of *Frizbee* v. *Hoffnagle,* Mr. Justice COWEN observed that it had been overruled by *Vibard* v. *Johnson,* 19 Johns. 77, and on looking at it the counsel asked leave to be heard in respect to it at a future day, which was granted.

Whitney v. Lewis.

He subsequently suggested that if it were conceded (which, however, he insisted should be shown by the plaintiff,) that the defendants went *into possession of the land* conveyed, still it appearing by the pleadings that neither party had any right there, it was manifest that there was no consideration in whole or in part for the bond, and the plaintiff was not entitled to recover. Such was the decision in *Frizbee* v. *Hoffnagle*, which case he contended was not overruled by *Vibbard* v. *Johnson*, which had reference to a sale of *chattels*, and depended upon peculiar circumstances : on the contrary, *Frizbee* v. *Hoffnagle* is cited with approbation in *McAlister* v. *Reab*, 4 Wendell, 483, 491. Again : he submitted whether *Vibbard* v. *Johnston* is not itself overruled by *Case* v. *Boughton*, 11 Wendell, 106, and *Head* v. *Stephens*, 19 Wendell, 411, in each of which cases the defendant went into possession of the thing purchased, and subsequently defeated a recovery of the consideration, on the ground of a false warranty in the first, and a want of title in the second case.

*By the Court*, BRONSON, J. Fraud is not alleged. The plea only amounts to this—the plaintiff, knowing that the fee of the land was in a third person, conveyed the same to the defendants, with a covenant for quiet enjoyment. There is no allegation that the plaintiff made any false representation, or any representation whatever concerning the title. For aught that appears, the defendants knew as much about the title as the plaintiff; and the one party may have been as willing to take the deed and trust to the covenant, as the other was to give it. The conclusion which the defendants draw, that *so they have been defrauded*, does not follow from the facts set forth in the plea ; and if there was no fraud, the defence cannot prevail.

The defendants are also mistaken in supposing that the plea shows a failure of the consideration on which the bond was given. This is not like the case of dependent covenants, or conditions precedent in a deed, where performance by one party depends on the prior performance of the other : nor is it the case of mutual stipulations to do con-

current acts, where neither can maintain an action until he has offered to perform his part of the agreement. It is much like the case of mutual promises, where the *undertaking* on one side, not the *performance*, is the consideration for the undertaking on the other ; and both parties may have an action. *Close* v. *Miller*, 10 Johns. R. 90., The agreement of one party was the consideration for the agreement of the other. The plaintiff conveyed and covenanted, in consideration of the defendants' obliging themselves to pay $2500 ; and the defendants bound themselves to pay that sum, in consideration of the conveyance and covenant by the plaintiff. The consideration on both sides was *executed*—not executory. Nothing was to be done in future. Although a right of action might afterwards accrue to both parties—to the one on the covenant for quiet enjoyment, and to the other on the bond ; yet no subsequent event could make it strictly accurate to say that an executed consideration had failed. If the defendants were to sue on the covenant for quiet enjoyment, it would be no answer to say that they had not paid the bond ; and in this action on their obligation, I do not see how a breach (if it had been alleged) of the plaintiff's covenant, could be a defence. It would be allowing a set off of one action against another.

But however the case might have stood had there been a breach of the covenant for quiet enjoyment, the plea furnishes no ground for saying that the consideration of the bond has failed. It is not alleged that there has been an eviction from the land, or, indeed, that any thing whatever has happened since the contract was made. It falls much short of the case of *Frizbee* v. *Hoffnagle*, 11 Johns. R. 50, on which the defendants rely, for there it appeared that the title to land which had been conveyed with warranty had subsequently been defeated by sale under a judgment against the vendor. This failure of title was allowed to be set up as a defence to an action on a note which the defendant had given to secure the purchase money of the land, although there had been no eviction. But this case

Whitney v. Lewis.

was virtually overruled in *Vibbard* v. *Johnson*, 19 Johns. R. 77. See also *Lattin* v. *Vail*, 17 Wendell, 188.

The plea neither makes out a failure, nor does it show an original *want* of consideration. Although the plaintiff had *no title whatever*, yet, if there was no fraud, the conveyance of the land with a covenant for quiet enjoyment was a sufficient consideration for an undertaking to pay the money. But the case stands much stronger than this for the plaintiff. If title to the land were the only consideration for the bond, still the plea does not go to *the whole* consideration. It is not alleged that the plaintiff had no interest whatever in the land, but only that he was not seised *in fee*, and that the defendants have not acquired *the fee*. All this may be true, and yet the plaintiff may have had a life estate, or a term of 100 years in the land. So too, the legal fee may have been in a third person while the whole beneficial interest was in the plaintiff; and although the defendants did not acquire the fee by the deed, they may have acquired a right to a conveyance from him in whom the fee is vested. Again, if the defendants get nothing else, the actual seisin or possession of the land may have passed by the deed ; and, so far as appears, they are now in the quiet enjoyment of the property. If the defendants have derived a benefit under the contract, though less than they expected to receive, they cannot now rescind it. The only way that justice can be done to both parties, is by leaving each to his action. *Boone* v. *Eyre*, 1 H. Black. 273, note (*a*). *Campbell* v. *Jones*, 6 T. R. 570. *Franklin* v. *Miller*, 4 Ad. & El. 509. *Stavers* v. *Curling*, 3 Bing. N. C. 355.

Judgment for plaintiff.