## SUPREME COURT.

### LORENZO WINSLOW agt. JOHN K. BUEL.

Where, in an action upon a decree for the payment of money, it was set up in defence, that a conveyance of land was made to, and received by, the creditor in satisfaction of the decree; and the plaintiff replied that it was, upon the representation of the defendant, believed by the creditor, that the grantor had a perfect title to the land; whereas he had not any title or interest therein; *held*, that the reply was bad on demurrer. It did not show a total want or failure of consideration.

*Monroe Special Term, October,* 1854.

DEMURRER to part of a reply.

The action is upon a decree; and the pleadings are sufficiently stated in the opinion.

M. S. NEWTON, *for defendant.*
W. F. COGSWELL, *for plaintiff.*

T. R. STRONG, Justice. The reply which is demurred to does not avoid the bar to which it relates. It is, in substance, that Carver agreed with the defendant to accept, and did accept, the lot of land, and the conveyance thereof by Spear, in satisfaction of the decree, and did execute and acknowledge an instrument for the satisfaction of the decree, upon the statement of the defendant, and Carver fully believing that Spear had a perfect title to the land; whereas he had not any right, title or interest therein. No fraud is alleged; the plaintiff relies solely upon a want or failure of consideration for the agreement, and what Carver did under it, to avoid their effect. Assuming that this would be sufficient, it must at least be total. If Carver derived any benefit under the agreement, the agreement must stand. The reply does not show a total failure of consideration. Carver still retains the conveyance, and so far as appears, is in the undisturbed possession of the lot. It is not averred that he has been evicted. And if he shall be

evicted, he has Spear's covenant of warranty to resort to for his indemnity.

It would be most unjust to the defendant to allow Carver to hold on to those benefits, and his assignee to recover on the decree. The defendant would have to pay the decree,.and yet be deprived of the land, and all claim upon Spear for the moneys paid him for it. This the law will not tolerate.

In an action by a vendor of land, with a covenant of seizin or warranty, to recover the purchase money, it is not a sufficient answer to the ·action that the plaintiff had not any title. An eviction must be alleged ; or it must in some way appear that defendant did not. obtain any estate or interest under the conveyance. A total want or failure of consideration must be shown. (*Whitney* agt. *Lewis*, 21 Wend. 131; *Tallmadge* ag't. *Wallis*, 25 Wend. 107.) The principles of these cases are decisive against the plaintiff. If a partial defect of consideration will not defeat an action for the purchase money, it cannot avoid the defence set up in this case.

The defendant must have judgment on the demurrer.