ROBERT J. MICKLER AND MARY E. MICKLER, APPEL-
LANTS, VS. JOHN M. REDDICK, APPELLEE.

1. The Clerk of a Circuit Court has no authority to enter a judg-
   ment by default for want of a plea when one in due form and
   sworn to is on file in the cause, and should he do so, his act
   would be entirely void.

2. The limitation of sixty days in which defaults or judgments may
   be opened, as provided by the pleading act of 1873 (sec. 35, page
   821 McClellan's Digest) does not apply to defaults or judgments
   entered by a Clerk of the Circuit Court without legal authority
   and in violation of law.

3. In suits at law the vendee of land who has accepted a deed with
   covenants of warranty and gone into possession of the land,
   can not defeat a recovery for the deferred payments of pur-
   chase money on the ground of a defect in the title, unless he
   has been induced to enter into the contract of purchase by
   fraud, or he has lost the land, held under the deed, by an evic-
   tion, or that which is tantamount thereto, with liability for
   mesne profits.

4. Fraud should not be alleged as a legal conclusion without a suffi-
cient allegation of facts as a predicate.

Appeal from the the Circuit Court for Hernando
county.

### STATEMENT.

Appellants sued appellee in an action of assumpsit
on a note for $550, payable to the order [of Mary E.
Mickler. The defendant filed three pleas, to which
plaintiffs demurred, and, a term of court coming on,
the following order was entered upon the minutes:
"Leave to withdraw and file amended pleas granted
and continued." On a rule day following the adjourn-
ment of the court, and more than thirty days there-
after, a default for want of a plea was entered against
defendant by the clerk on motion of plaintiffs' coun-
sel, and upon this default the clerk entered in form a
final judgment against defendant on the note described
in the declaration. Up to the time of the entry of the
default the pleas on file had not been withdrawn from
the record, nor had any amended ones been filed.
More than sixty days from the entry of the said judg-
ment, and after an execution had been issued thereon,
defendant filed a petition to vacate the judgments en-
tered, on the ground that the pleas had not been with-
drawn and the entries by the clerk were illegal. It is
also alleged that the entries of the judgments were in
violation of an understanding and agreement of coun-
sel, the details of which need not be stated. The court
adjudged that the default was illegally entered, as it
was taken while defendant's pleas were still on file and
undisposed of, and the judgments were, therefore, set
aside, and leave given to file amended pleas, which
was done. Plaintiffs interposed a demurrer to the

amended pleas, and pending this demurrer defendant obtained permission to substitute other pleas in lieu of those previously filed. The substituted pleas were three in number, and on demurrer to all, the third one was considered bad, and the other two were sustained. Issue was joined on the two pleas held to be good, and the trial resulted in a verdict for the defendant. Plaintiffs appealed from the judgment entered on the verdict, which was before the Revised Statutes went into effect.

The first plea upon which issue was joined alleges that the consideration of the note sued on had totally failed, in this, that it was given for the residue of the purchase price of a described parcel of land consisting of two and one-half acres, more or less, which defendant had purchased from Mary E. Mickler, wife of her co-plaintiff, for the sum of $1,321.94. That he paid Mary E. Mickler $521.94 and she, having promised to convey the land in fee by deed properly acknowledged, in which her husband should join, with covenants of warranty, did, together with her said husband, make, execute and deliver to defendant a deed purporting to be a deed of conveyance of said parcel of land in fee, and thereby covenanted with defendant, among other things, that the title to the land so conveyed was clear, free and unencumbered, and that they would warrant and defend the same against all legal claims whatsoever. That to secure the payment of the residue of the purchase price of the land, and upon the sole consideration of said sale and conveyance, of the stipulations and assurances on the part of plaintiffs that they had good right, full power, and lawful authority to sell and convey the land in fee, according to the description given in the deed, and of the covenants therein con-

tained, defendant made and delivered to Mary E.
Mickler two promissory notes, one for $300, and the
other—the one sued on—for $550, and that before the
commencement of the suit defendant paid and satis-
fied the three hundred dollar note. That at the time
of the making and delivery of the deed, and of the
note sued on, the title to the land was not free and un-
encumbered, nor did the said Mary E. Mickler have
good right, full power and lawful authority to sell and
convey the same in fee, there being at the time a part
of said parcel of land, consisting of about 1 3-4 acres,
to which plaintiffs had no legal title, nor any right to
sell and convey, nor had they since acquired any title
or right to the same, by means whereof defendant had
not had the possession or enjoyment thereof. That in
selling and undertaking to convey said land with as-
surances on their part that Mary E. Mickler had a per-
fect title to the entire parcel, plaintiffs perpetrated a
fraud upon defendant, and that he had, at the time of
the execution and delivery of the note, paid to plain-
tiffs more than was due on the land. That Mary E.
Mickler was a married woman, and no judgment at
law could be obtained against her on the covenants in
the deed, and her said husband was insolvent.

The second plea contains, in substance, the same al-
legations as the first, except there is no allegation that
a fraud was perpetrated upon defendant, and the part
of the land to which it is alleged plaintiffs had no title
is stated to be of the value of $925, and damages to
this amount are claimed, and out of such amount as
might be adjudged to be due defendant, he was ready
and willing, by way of recoupment, to allow plaintiffs
whatever should be due them on the note.

*Angus Paterson*, for Appellants.

*Sparkman & Sparkman*, for Appellee.

MABRY, C. J.:

The order of the trial judge vacating the judgment by default and final judgment entered thereon is assigned as error. We are of the opinion that the judge committed no error in the order made. Pleas had been filed and demurred to, and without any disposition of the demurrer an order was made in term time for leave to withdraw the pleas and file amended ones, but when the default was entered there had been no withdrawal of the pleas, and plaintiffs had no right to take the default. The order granting leave to withdraw the pleas did not compel defendant to abandon them, nor did it remove them from the case, and until there was some disposition of them, no default could properly be taken for want of pleas.

The position of counsel for appellants, that by force of the statute the default entered in the case could not be set aside after the expiration of sixty days from the entry thereof, is not correct. Under the pleading act of 1873 (sec. 35, p. 821 McClellan's Digest) it is provided that the court or judge, for good cause shown, may open any default or judgment for want of appearance, answer or plea, and allow a defendant to demur, plead or answer within a time to be fixed, provided an application for such purpose be made within sixty days from the time of the entry of such default or judgment, unless a term of court shall in the meantime be held, when such application must be made during such term. The limitation of the sixty days for opening defaults provided in the statute has no ap-

plication to defaults entered in violation of law, and without any legal authority whatever. The clerk has no authority by the statute to enter a judgment by default for want of a plea when one with due formalities and sworn to is on file in the case, and should he do so, his act would be entirely void. The Circuit Judge can annul any such void act of the clerk, and nothing more was done in the present case.

The action of the court in overruling the demurrer to defendant's first and second pleas is also assigned as error, and this presents a question of some difficulty. Chancellor Kent, in his Commentaries (vol. 2, p. 471) says that "on the subject of the claim to a completion of the purchase, or to the payment or return of the consideration money, in a case where the title or the essential qualities of part of the subject fail, and there is no charge of fraud, the law does not seem to be clearly and precisely settled; and it is difficult to reconcile the cases, or make the law harmonize on this vexatious question." In the case of Long vs. Allen, 2 Fla. 403, S. C. 50 Am. Dec. 281, a bond for title to real estate had been given by the vendor to the vendee and a note taken for the purchase money. In a suit at law on the note the defense of an outstanding equity in the land in a third party was attempted to be made, and it was held that it was not sufficient to sustain a plea of a failure of consideration. It was also held that a bond or covenant constitutes a good and valuable consideration for a note given upon a sale of land, and the want or failure of title was no defense to an action on the note, and that a court of law, though the proper tribunal to try the title to land, will not try it collaterally. In speaking of the defense at law to a note for purchase money of land, it is said: "The

cases on the subject in the American courts are
based on the ground of fraud or eviction, or that
which is equivalent, or of admitted or unquestionable
paramount title.'' On the subject of eviction, or try-
ing the title collaterally, the following language in the
opinion in Hoy vs. Taliaferro, 8 Smedes & M. 727, is
quoted: ''A court of law, although the proper tribu-
nal for the trial of titles to land, will not try such ti-
tles collaterally. The proceeding must be direct, other-
wise the title can not be questioned. Where there has
been an eviction, the defense of failure of considera-
tion may be let in, because the superiority of the out-
standing title is then established by a judicial deter-
mination.'' The doctrine of the Mississippi case cited
clearly is that a vendee of land who has received a deed
with covenants of warranty and possession can not,
when sued at law on a note given for the purchase
money, set up the defense of a failure of consideration
without showing an actual eviction. No question was
raised in the case as to the effect of fraud in the sale
of the land.

The first plea in the case of Reddick vs. Mickler, 23
Fla. 335, 2 South. Rep. 698, which was an action at
law on a note, alleged that the note was given for part
of the purchase money of certain described land con-
veyed by plaintiff to defendant, but the consideration
of the note had failed because plaintiff had not placed
defendant in possession of the land. There were other
vague and uncertain pleas designed, probably, to set
up the defense that defendant got less land than called
for in the deed. Nothing was alleged as to the char-
acter of the covenants in the deed, if any. The pleas
were considered as presenting no sufficient defense,
and regarding them as attempting to present a failure

of consideration because the defendant got less land than called for in the deed, it was decided that a partial failure of consideration was not a good plea to an action on a promissory note for the purchase money of land, where the failure consists in the land falling short of the quantity described in the deed. The cases of Greenleaf vs. Cook, 2 Wheaton, 13, and Lloyd vs. Jewell, 1 Greenleaf (Maine), 352, S. C. 10 A. M. Dec. 73, are cited as authority in the opinion rendered in Long vs. Allen, and the first one, from the Supreme Court of the United States, holds that where a note is given for the purchase money of real estate, the failure of consideration through defect of title must be total, in order to constitute a good defense to an action on the note. The Maine case holds that in an action upon a note given for the purchase money of land conveyed by deed with usual covenants of seizing and warranty, it is not competent for the defendant to set up a partial or total failure of title, or want of title in the grantor at the time of the conveyance. The doctrine of the Maine decisions seems to be that a partial failure of title to real estate conveyed with warranty of title will not be permitted to operate as a defense *pro tanto* to a note given for the purchase money. Howard vs. Witham, 2 Greenleaf (Maine), 390; Wentworth vs. Goodwin, 21 Maine, 150; Hammatt vs. Emerson, 27 Maine, 308, S. C. 46 Am. Dec. 598. In the last case it is held that a partial failure of consideration for a note given for land, not arising out of a failure of title, but out of fraudulent representations respecting the quantity of timber trees on the land, may be given in evidence in defense to a suit on the note. The doctrine of *recoupment* has become well recognized and favored by the courts, but it has been questioned as

having proper application to the case of a partial failure of title to land. In Myers vs. Estell, 47 Miss. 4, it is said (page 19): "And although there is some diversity of judicial opinion upon the subject, it is believed to be the better opinion that this defense can not, in general, be made where the partial failure relates to the title to real estate merely," and the opinion states some of the reasons why it was believed the rule does not apply in such cases. It was decided in Whitney vs. Lewis, 21 Wend. 131, that where land had been conveyed by deed with covenant for *quiet enjoyment*, and a note given for the purchase money, it was no defense to an action at law on the note that the grantor was not *seized in fee and had no right to convey* the premises, in the absence of fraudulent representations on the part of the grantor in respect to the title. The later case of Talmadge vs. Wallis, 25 Wend. 107, expressly holds that where there has been an eviction and the purchaser is liable to the true owner for mesne profits to an amount equal to the sum demanded of him by his vendor, he may plead such facts in bar of an action for the purchase money as showing a total failure of consideration, but whether a total or partial failure of consideration by reason of defect of title can be shown where the conveyance was with warranty and there was no eviction, was made a question. This case also holds that a plea of want of seizin in a vendor who had conveyed real estate with covenant of seizin was no bar to an action of debt on bond given for the purchase money, and that to prevent a recovery on the ground of a total failure of consideration, the defendant must allege that he obtained no estate or interest whatever under the conveyance; and also in a plea of want of seizin it should specify the defect of title and

show in whom the title was. In chancery a distinction is made between executed and executory contracts as to the sale of land. The chancery case of Hunter vs. Bradford, 3 Fla. 269, decides that where a purchaser takes a deed with warranty, pays the purchase money and has possession, and there is no fraud in the transaction, he can not, before eviction, obtain the aid of chancery to have the contract rescinded, or purchase money restored on the ground of a defect of title, as his remedy is at law on the covenants in his deed. The rule is otherwise as to executory contracts. It was also held that in case of an executed contract the court would interpose to rescind the contract, where it was rendered proper and necessary by reason of the fraud or insolvency of the vendor. This case involved the sale of land, and bond to make title upon the payment of purchase money evidenced by note was executed, and resting the decision upon the principle that the vendee must seek his redress at law upon the covenants in his bond, it was held the insolvency of the vendor who had died was good ground for equitable interposition upon the principle that chancery will lend its aid when there is not a full, complete or adequate remedy at law. In the case of Yonge vs. McCormick, 6 Fla. 368, the court, following the liberal rule stated in Virginia cases, held that equity would enjoin the collection of the purchase money of land, on the ground of defect of title, after the vendee has possession under a conveyance with general warranty, if the title was either prosecuted, or threatened, or if the purchaser could show clearly that the title was defective. In this case there was a partial failure of title and the insolvency of the vendor was alleged. In foreclosure suits it is the settled rule, in chancery, that a mortgagor in

possession under a deed from the mortgagee with full warranty of title, and there has been no eviction actual or constructive, or fraud or insolvency on the part of the mortgagee, can not set up an outstanding title or breach of covenants as a defense to a bill to foreclose for unpaid purchase money. Randall vs. Bourgardez, 23 Fla. 264, 2 South. Rep. 310; Adams vs. Fry, 29 Fla. 318, 10 South. Rep. 559. At law the rule seems to be well established that in the absence of fraud the vendee of land who has accepted a deed and gone into possession, can not defend an action to recover the purchase money on the ground of a defective title, as he is remitted in such a case to his rights under the covenants in his deed, and if he has neglected to protect himself by sufficient covenants, he is without remedy on a subsequent failure of the title. 2 Warvelle on Vendors, p. 919, sec. 2. If, however, he has been induced to enter into the contract of purchase by fraud and deceit, or he has lost the land, held under deed with usual covenants of warranty of the title, by an eviction, or that which is tantamount thereto, with liability to mesne profits, he can successfully defend against the payment of the purchase money remaining unpaid.

The pleas in this case, as shown by the statement, set up a partial failure of the title to the land sold, but, in view of the decisions referred to in the case of Long vs. Allen, we do not consider the right of a defendant to set up a partial failure of title to land under our statute permitting a total or partial failure of the consideration of a note. The conclusion reached makes it unnecessary to consider this point. The fact that Mary E. Mickler is a married woman and not liable on the covenants in her deed, if such be the

case, will not aid the pleas.    It clearly appears that it
was the agreement of the parties that the husband
should unite with his wife in a deed of warranty, and
the defendant obtained all he contracted for in this
respect.    The husband could be sued on the warran-
ties in the deed, in case of breach, and such a deed
was satisfactory to the defendant.    The insolvency of
the husband may constitute sufficient ground for
equitable interference, but the ground of such inter-
ference was based, in the case of *Hunter vs. Bradford,
supra*, upon the inadequacy of the legal remedy.    The
contention here in support of the pleas is that they
allege fraud in the sale of the property.    We are of
the opinion that the pleas do not sufficiently allege
fraud in the sale of the property.    It is true that one
of the pleas alleges that in the sale of the property a
fraud was perpetrated upon the defendant, but this is
the conclusion of the pleader without a sufficient
predicate.    The plea states that Mary E. Mickler
agreed to convey the land by deed with covenants of
warranty in which her husband should join, and that
they did execute and deliver a deed with covenants,
among others, that the land was clear, free and unen-
cumbered, and that they would defend the title against
all legal claims whatsoever.    It is further stated that
the note sued on was given for the residue of the pur-
chase money of the land upon the sole consider-
ation of the said sale and conveyance, the stipulations
and assurances on the part of plaintiffs that they had
good right, full power and lawful authority to sell the
fee in the land as described, and of the covenants
therein contained.    Stipulations contained in a deed
of warranty that the vendors had good right, full,
power and lawful authority to sell the land, though

untrue, do not alone constitute fraud in the sale. If so, every such deed when the vendor's title failed could be set aside on the ground of fraud in fact. A fraudulent purpose, or such conduct as will amount to a fraudulent intent in making the representations, should be alleged. A plea undertaking to set up fraud in the sale of land much like the one before us was held to be insufficient in the case of Whitney vs. Lewis, *supra*. The case of Hammatt vs. Emerson, *supra*, also contains a discussion as to the essentials of a plea alleging such a defense. Neither can the pleas be sustained on the ground that there was an eviction, or that which was tantamount thereto. It is stated that plaintiffs, the vendors, did not have title to part of the land when the deed was executed, and had not since acquired any title or right to sell, and that by means thereof defendant had not had possession or enjoyment of the land, but it is not stated who held the title, or how it was held, or that the land was held adversely by any one. It is not shown that defendant was kept out of possession by any superior title, or that he could not have gone into possession under the deed at any time since its execution and before suit brought on the note. Maupin on Marketable Title to Real Estate, sec. 146.

In our judgment the court should have sustained the demurrers to the pleas, and the judgment will be reversed with directions that such order be made.