## Ex Parte Hubert E. Jones.

### En Banc.

### Opinion Filed November 29, 1926.

1. The limitation of sixty days within which defaults for want of appearance or plea may be opened and set aside (Section 2621 of Rev. Gen. Stats.) does not apply to defaults or judg-

ments entered by a clerk of the circuit court without legal authority and in violation of law.

2. Where the petition for a writ of certiorari to quash an order of the Circuit Court setting aside a judgment previously entered in the cause by the clerk of said court fails to set out a copy of the judgment so set aside, the writ must be denied, for in such case this court is not able to say whether the court below departed from fundamental requirements of law in declaring such judgment void.

3. The petition for the writ of certiorari must make it appear that an illegal proceeding appears by the face of the record complained of.

A Petition for a Writ of Certiorari.

Petition denied.

*E. B. Drumright,* for Petitioner.

BROWN, J.—This is a petition for writ of certiorari to the Circuit Court of Pinellas County, Florida. The petition alleges, among other things, that the petitioner obtained a judgment by default against the defendant, Boulevard and Bay Land and Development Company, for want of pleas, on February 1, 1926. On May 13, 1926, the petitioner, plaintiff in said suit, filed his *praecipe* with the clerk of said court for final judgment and filed proof of claim, and final judgment was entered by the clerk upon the declaration and proof of claim. On September 13, 1926, the defendant filed a motion for stay of execution and for vacation of said judgment, and the court made an order staying the execution until September 25, 1926, and setting the motion down for hearing at that time. The defendant filed on September 25th an amendment to the original motion, praying that the court declare the final

judgment of default entered by the clerk on May 13th, and the execution issued thereon, void, and ordered them cancelled and stricken from the records. The grounds of the motion were in substance that the clerk had no right or authority to enter said judgment. After hearing, on September 25th, the circuit judge entered an order vacating, cancelling and setting aside the said judgment of May 13th, and the execution issued thereon was ordered cancelled and declared void, and the clerk of the court was ordered to forthwith strike and cancel from the records in his office the said final judgment and the said execution. Whether this order was made at the same term that the judgment so set aside was entered does not appear from the petition. This would have a bearing on the question of finality *vel non* of the order complained of. See 2 R. C. L. 44; 3 C. J. 521, 531; Malone v. Meres, 107 So. 625; Pleasant Valley Farm v. Carl, 106 So. 427. But it does appear that the order was made more than sixty days after the entry of the judgment by the clerk.

The limitation of sixty days within which defaults for want of appearance or plea may be opened and set aside (see Section 2621 of Rev. Gen. Stats.) does not apply to defaults or judgments entered by a clerk of the circuit court without legal authority and in violation of law. Mickler v. Reddick, 38 Fla. 341, 21 So. 286..

The petition does not set out a copy of the final judgment entered by the clerk on May 13, 1926, and hence this court cannot say whether or not the court below departed from fundamental requirements of law in declaring it void and setting it aside. It has frequently been held by this court that it is essential to the validity of such a judgment entered by the clerk that it shall show certain things in order that it may appear within the authority vested in such clerk by Section 2622 of the Rev. Gen. Stats. The

writ of certiorari to review the proceedings of a lower court does not issue as a matter of right, but rests in the sound discretion of the court, and there is no obligation upon this court to issue such a writ where only a partial disclosure of essential facts appears in the petition. The petition for the writ must make it appear that an illegal proceeding appears by the face of the record complained of. S. A. L. R. Co. v. Ray, 52 Fla. 634, 42 So. 714; State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 So. 550; First National Bank v. Gibbs, 78 Fla. 118, 82 So. 618.

The petition for writ of certiorari will therefore be denied.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.