W. KROIER, *Petitioner*, v. T. KROIER, *Respondent*.

En Banc.

Opinion Filed May 5, 1928.

*E. L. Bryan,* Attorney for Petitioner;

*Whitaker Brothers,* Attorneys for Respondent.

BROWN, J.—This is a petition to this Court to issue its writ of certiorari to the clerk of the Circuit Court for Hillsborough County ordering transmission to this Court of a true copy of the record in the law cases of W. Kroier v. T. Kroier, and also in the chancery case of T. Kroier v. W. Kroier, for the purpose of reviewing an order of said circuit court made February 3, 1928, vacating a default judgment entered by the clerk of said court against the defendant in the law case on the rule day in December, 1925, for want of appearance, also the final judgment entered by the clerk on August 12, 1926. The order vacating the former

judgments also cancelled and voided the execution and writ of garnishment which had issued thereunder.

After the default judgment of December 7, 1925, for want of appearance, had been entered against the defendant, the latter filed a plea to the merits on January 2nd, 1926. Final judgment was not entered by the clerk until August 1, 1926, and then execution was issued, also writ of garnishment. On September 11, 1926, the defendant, in the assumpsit action T. Kroier, filed a bill in chancery against the plaintiff, W. Kroier, and the sheriff, praying that the default and judgment which had been entered against him by the clerk be vacated and set aside and a new trial be allowed him under the plea which had been filed, and under which he had a good defense, and that the defendants be enjoined from proceeding further under said execution and garnishment. The bill alleged that the complainant's attorney had duly filed an appearance for him as the defendant in said law action on the proper rule day, the first Monday in December, 1925, and on the succeeding rule day had filed his plea, but that through some error or fault of the employes in the clerk's office, the appearance was never filed or docketed. That complainant had no knowledge, either directly or indirectly, of the entry of said default or of said final judgment until the garnishment tied up his funds in bank; that the sixty days allowed by statute and rules of court within which to apply for opening of said default judgment had expired and that complainant was without remedy save in a court of equity. Attached to the bill and made a part thereof was an affidavit of complainants attorney stating that he had filed said appearance as alleged, and had filed the plea, and had been awaiting notice of the setting of the case for trial, having no knowledge of the entry of the default or judgment. There was a demurrer to the bill, one of the grounds of which, among

others, was that the bill showed that the complainant had an adequate remedy at law. This demurrer was sustained and the bill dismissed. In the order, the court stated that the judgment attacked was "neither void nor voidable." On appeal to this Court, the order sustaining the demurrer and dismissing the bill was affirmed, without opinion. It will be observed that the *gravamen* of the bill was an attempt to impeach a judgment, regular on its face, by mere parol.

On January 26, 1928, shortly after the judgment of affirmance by this Court (January 5, 1928), the defendant in said action at law filed a motion, and on February 3, 1928, an amended motion, in said circuit court, to vacate the default judgment and final judgment which had been rendered against him in December, 1925, and August, 1926, and the execution issued thereon, on grounds quite similar to those stated in the bill to which demurrer had been sustained, but which motion contained new and additional averments to the effect that said appearance of December 7, 1925, had in fact been duly filed by the clerk, by attaching the proper filing stamp and date thereto, and being signed by a deputy clerk of said court, which would appear from the files of the court, but that through negligence on the part of the clerk he had failed to docket such appearance, and notwithstanding the due filing thereof, had, without authority of law, entered the default judgment, and thereafter the final judgment, and issued execution.

This motion was resisted *inter alia* upon the ground that more than sixty days had elapsed since the default judgment and more than six months since the final judgment, and that the defendant had not during such periods moved to vacate the default judgment or sued out writ of error to the final judgment, and that the court was without jurisdiction to entertain the motion. Further, that the said

judgments were neither void nor voidable, and that all questions raised by the motion had been adjudicated, adversely to the movant, in the equity suit which had been affirmed on appeal.

The court granted the motion to vacate said judgments, and cancelled and voided the execution and writ of garnishment issued thereunder; finding, as stated in said order, that the defendant had duly and properly entered his appearance and that the same had been filed by the clerk, but that through omission or negligence on the part of the clerk it had not been docketed, and that the default judgment entered by the clerk for failure of defendant to appear was therefore illegal and without authority of law, and the final judgment likewise illegal and void.

It is this order which is here sought to be reviewed by certiorari.

The first question that arises is whether the order sought to be reviewed is of such a final nature as to authorize review by certiorari.

Ordinarily, the writ of certiorari may not be used to quash a judgment of an inferior court unless such judgment is a final adjudication of the cause. 11 C. J., 126. This Court has held that a judgment of the circuit court on writ of error reversing a judgment of the lower court and remanding the cause to the lower court for further proceedings, is not a final adjudication of the cause, and that this Court will not issue a writ of certiorari to such judgment of the circuit court. Holmberg v. Toomer, 78 Fla., 117, 82 So. 620; First National Bank of Gainesville v. Gibbs, 78 Fla. 118, 82 So. 618. But in Spafford v. Brevard County, 92 Fla. 617, 110 So. 451, this Court held that an order, though made preliminarily to the trial of a condemnation suit, which authorized the taking of lands for public use before the compensation therefor had been ascertained

by a jury, was, as to the property right involved, so far final in its nature as to warrant the issuance of the writ to test its validity. Under our statutes (Sections 2901-2905, Rev. Gen. Stats.) the vacating order here made was not such a final judgment as would be subject to review by writ of error; and if it were, it could not be reviewed by certiorari, for certiorari does not issue when adequate remedy by appeal or writ of error is afforded; nevertheless, the general principles obtaining in most jurisdictions as to what constitutes such a final judgment as will be subject to review by appeal or writ of error throw some light on the question before us. Thus, in some jurisdictions it is held that an order vacating a judgment on motion made after the term, is governed by settled principles to which the action of the court must conform, thus affecting a substantial right, and hence so far final as to be appealable, while in other jurisdictions it has been held to the contrary, so far as the party against whom the order is made (2 R. C. L. 44), unless it goes further than a mere vacating order and deprives the party of some substantial right already acquired, such as a stipulation concerning the facts of the case. 2 R. C. L. 45. But, while there is considerable conflict, the weight of authority appears to be to the effect that ordinarily appeal or writ of error will not lie to an order merely vacating a former judgment, 3 C. J. 521, unless there was want of jurisdiction to make it. 3 C. J. 523. See also in this connection, *ex parte* Jones, 92 Fla. 1015, 110 So. 532. Of course, discretionary orders of this nature, made during the term or within a period fixed by statute, are generally held not appealable. But here we have an order made long after the expiration of the sixty-day period, and long after the term, vacating the judgment and annulling the execution and writ of garnishment which had been issued thereunder, and the claim is made that the

court was without jurisdiction to make it. If this claim is well founded, the purport of the vacating order may be so far final in its nature as to warrant the writ of certiorari to review it, for it certainly purports to deprive the petitioner of a judgment rendered at a prior term, and also of the advantage acquired by the writ of garnishment and the execution. We will therefore examine the question whether the court was acting within its jurisdiction.

The method of procuring the vacation of judgments which is by far the most commonly used at the present day, is the proceeding by motion to the court which rendered the judgment, with notice to the adverse party. This practice being simple, speedy and effective, is well calculated to promote the interests of justice with the least cost and trouble to suitors. 1 Black on Judgments, 2nd ed., Sec. 303.

The common law rule obtains in this jurisdiction that ordinarily after the expiration of the term, the court loses control of its judgments rendered during the term, and they become final and not subject to vacation or modification, though merely clerical errors and misprisions may be corrected. But it has become equally well established that a judgment which is entirely void may be set aside at a subsequent term (or in vacation where statutes permit it), and may even be collaterally assailed. Ib. 307; Einstein v. Davidson, 35 Fla. 342, 17 So. 563; Johnson v. McKinnon, 54 Fla. 221, 45 So. 23; Lucy v. Deas, 59 Fla. 552, 52 So. 515. However, a judgment which is voidable only, because irregular or erroneous, must be moved against during the term or within the period fixed by statute by motion to vacate, or by proper appellate proceedings, and if no such step is taken within the prescribed time, the judgment becomes an absolute verity and passes beyond the control of the courts. Lord v. Downlin, 42 So. 585, 52 Fla. 313; Day

*et al.* v. Hurchman, 65 Fla. 186, 61 So. 445; Einstein v. Davidson, *supra;* Malone v. Meres, 109 So. 677, 91 Fla. 709.

The decision thus hinges upon the question whether the judgments vacated were void, or merely voidable.

Section 2619, Revised General Statutes of 1920, confers authority upon the clerk of the circuit court to enter a default against a defendant for failure to appear, or to plead or demur, within the time required by law, and under Section 2622 the clerk may proceed to enter final judgment in certain cases. The authority and jurisdiction thus conferred upon clerks is purely statutory and must be strictly construed. Cosmopolitan Fire Ins. Co. v. Boatwright, 59 Fla. 232, 51 So. 540; Holder Turpentine Co. v. Kiser, 68 Fla. 312, 67 So. 85. In the case of King v. Dekle, 53 Fla. 940, 43 So. 586, it was held that clerks of the circuit court have no authority, on the appearance day in a suit at law, and in the presence of an appearance duly filed by the defendant, to enter either a judgment by default or a final judgment, and the entry by the clerk of a final judgment under such circumstances is null and void 'on its face and subject to collateral attack, citing Wilhelm v. Locklar, 46 Fla. 575, 35 So. 6. In Mickler v. Reddick, 38 Fla. 341, 21 So. 286, it was said: ''The clerk has no authority by the statute to enter a judgment by default for want of a plea when one with due formalities and sworn to is on file in the case, and should he do so, his act would be entirely void.'' It was further held that the circuit judge could annul such judgment after the lapse of the sixty-day period allowed by the statute (now Section 2621, Revised General Statutes), for opening defaults, as such does not apply to defaults or judgments entered by the clerk without legal authority and in violation of law. This rule was affirmed in *ex parte* Jones, 110 So. 532, 92 Fla. 1015. Ordinarily, where a court has jurisdiction of the subject mat-

ter and of the parites, irregularities do not render its judgment void. But where a special statutory authority or jurisdiction, which is more of a ministerial than of a judicial nature, is conferred upon the clerk of the court to render judgments which when lawfully entered become the the judgments of the court, the statutory conditions precedent to the exercise of such authority must exist in order to legalize its exercise. 34 C. J. 178, 196.

Applying the reasoning underlying the cited cases, it follows that both the default judgment and the final judgment entered by the clerk in this case were entered without legal authority and in violation of law, and hence were void. The court below therefore had the jurisdiction and the authority, on the motion made after the term, to vacate such judgments and the enforcement process resting thereon. In fact, it was the court's duty to do so, under the facts alleged in the motion and found by it on its order to be true. That is, of course, if such action was not precluded, under the principles of *res adjudicata*, by reason of the decree in the equity suit.

The order of the court below sustaining the demurrer to the bill was affirmed by this Court without opinion. That order might have been sustained because the demurrer contained the ground that the complainant had an adequate remedy at law, which he did have, to-wit: the motion to vacate. This Court was not precluded by the reasons stated for its action by the lower court. A judgment or decree against a party dismissing his suit because he has misconceived his remedy does not in all cases estop him from proceeding anew by means of the proper remedy. 34 C. J. 793, 813-816. But there is a stronger reason why the order sustaining the demurrer to the bill in equity did not bar the complainant from making the motion to vacate. The bill attacked the integrity of a court record on what

amounted merely to an allegation provable only by parol—the statement of the attorney that he had filed the appearance on a certain day. There was no allegation that there was any record to show this. In fact it was contrary to the record recitals in the default judgment. Hence, the allegations were insufficient to impeach the record. 22 C. J. 1077; Black on Judgments, Sec. 273. But the averments in the motion to vacate show that the clerk or his deputy accepted for filing and did file the appearance, endorsed the filing on the same, showing the date, and that such appearance in proper form was duly on file in the clerk's office at the time he negligently and illegally entered the default for want of appearance. The original appearance duly on file, a part of the court's records, thus negatived the recitals to the contrary in the clerk's entry of default. 1 Black on Judgments, Sec. 273. This made a very different case from that presented by the bill to which the demurrer was sustained, and presented a matter which was not presented or adjudicated, and could not have been, under the allegations of the bill and the judgment on the demurrer thereto.

It is quite generally held that where demurrer is sustained because of the omission of a material allegation from the plaintiff's pleading, the judgment sustaining the demurrer will not prevent the maintenance of a new suit on the same cause of action in which the plaintiff's pleading supplies the missing averment. The estoppel extends only to the exact point raised by the pleadings, and decided, and does not operate as a bar to a second suit on other claims or issues. 34 C. J., 797-8-9.

Thus, in Fla. So. Ry. Co. v. Brown, 23 Fla. 104, 1 So. 512, it was held that a former judgment on demurrer between the same parties, where the plaintiff claimed damages of the defendant for injury to his estate in consequence

of laying and operating a railroad in the street on which his estate abutted, *but not claiming to be the owner of the fee in the soil to the middle of the street,* was not *res adjudicata* in a second suit by the same plaintiff against the same defendant, likewise for damages, where the declaration in such second suit *did* allege ownership of the fee *to the soil in the street.* In the opinion in that case it was said: ''A judgment on demurrer in the first suit is no bar to a second suit when the plaintiff failed in the first suit on account of the omission of a material allegation which is supplied in the second suit.''

It thus appears that the judgment sustaining the demurrer to the bill in the chancery suit did not operate as *res adjudicata* against the motion to vacate subsequently made, which motion contained material allegations omitted from the bill.

It is finally insisted that the defendant was precluded by *laches* to ask or obtain the relief sought by the motion to vacate. We do not think the facts disclosed by the petition and exhibits sustain this contention. See 34 C. J. 268 *et seq.* In 1 Black of Judgments, Sec. 313, the author says:

''Delay in moving to have a judgment vacated, so long as the party has no notice of the judgment or of the action, will not bar his right, even though innocent strangers may have taken titles in reliance on the judgment. Again, lapse of time will not affect the right to vacate a judgment on the ground that the court never had jurisdiction to enter it. But if the party actually knows that a judgment has been rendered against him, and the judgment is not simply and merely void, it is the undoubted rule that he must exercise reasonable diligence in procuring its vacation, and that his unexcused laches of delay, unduly protracted, will preclude him from obtaining the relief sought.''

And in Einstein v. Davidson, *supra,* it was said: "A judgment that is absolutely null and void—a mere *brutum fulmen*—can be set aside and stricken from the record on motion at any time, and may be collaterally assailed." The conclusions reached in this case are not in conflict with the holdings in Stribling v. Hart, 20 Fla., 235; Friedman v. Rehm, 43 Fla., 330, 31 So. 234, or Gibbs v. Ewing, 113 So. 730, and other cases of that class, when properly analyzed and considered.

The vacating of these judgments does not of course destroy petitioner's cause of action. With these judgments set aside, the case remains in court, open and undisposed of, on plaintiff's declaration in assumpsit and defendant's appearance and plea of the general issue. We see no reason why plaintiff, if he can prove his cause of action, may not yet secure a valid judgment in the place of the void one. Be this as it may, he does not show himself entitled to the writ here sought.

Petition for writ of certiorari denied.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.