ERVIN, Justice
(dissenting).
By petition for certiorari it appears Petitioners, as plaintiffs, on November 27, 1963 instituted a common law action in the Circuit Court for Dade County against defendant Guaranty Security Insurance Company, successor to Florida Home Insurance Company. Plaintiffs based their claim on a mortgage broker’s bond in the principal amount of $5,000 on which the defendant insurance company was surety and Washington Mortgage Company was principal. *506 The complaint alleged Washington Mortgage Company had converted $5,000 which belonged to plaintiffs, who had recovered a money judgment for said amount in an action at law against the mortgage company, and therefore the defendant insurance company was liable for said amount on the mortgage broker’s bond.
On February 3, 1964 the defendant insurance company answered the complaint, admitting the existence of the bond and other allegations of the complaint.
Plaintiffs moved for summary judgment and the case came on for hearing before the Circuit Court on February 18, 1964. At the hearing the defendant insurance company presented a motion for leave to file a counter-claim for interpleader. Plaintiffs objected; however, the Circuit Court granted the motion and on February 18, 1964 entered an order for interpleader.
The order for interpleader substituted Marguerite Workis as defendant (one of the Respondents herein) in lieu of said defendant insurance company and required that she file her claim within five days from service upon her of said order and enjoined all other persons from taking further action against defendant insurance company unless they filed their claims in the case within five days after service upon them of said order. The order further required the defendant insurance company to deposit $5,-000, the amount of the bond, into the registry of the court, which was done.
The next day, February 19, 1964, the Circuit Court entered summary judgment in favor of plaintiffs (and later revised it by an order nunc pro tunc dated February 25, 1964) which directed disbursal to them of the $5,000 from the registry of the court, which was done.
Pursuant to the order for interpleader and within the five days after service upon her of said order, Marguerite Workis on March 16, 1964 filed a motion for inter-pleader and claim, together with a notice for hearing before the court on March 18, 1964. These filings were made twenty-five days after the entry of the summary judgment.
At the March 18, 1964 hearing the Circuit Court struck its summary judgment of February 19, 1964, as revised nunc pro tunc February 25, 1964, stating it had been entered adventitiously and without the defendant-respondent Marguerite Workis’ having any notice of the judgment or opportunity to he heard, and ordered plaintiffs to restore the $5,000 to the registry of the court.
Petitions for prohibition and certiorari by plaintiffs to the District Court of Appeal, Third District, to review the order striking the summary judgment were denied. The order of denial of the petition for certiorari was entered by the District Court of Appeal without opinion.
The petition for writ of certiorari filed here seeks our review of said order of denial of the District Court of Appeal.
It appears from this case that there were persons of the same class, that is, the Petitioners, the defendant-respondent Marguerite Workis, and others who suffered loss by reason of the conversion of their funds by Washington Mortgage Company and had claims on the mortgage broker’s bond against the defendant insurance company, the surety. The circuit judge believed the $5,000 the defendant insurance company paid into the registry of the court should be the subject of interpleader and the District Court of Appeal apparently agreed.
However, it is my view that under the particular circumstances of this case the decision below denying review by certiorari of the order of the Circuit Court striking its summary judgment conflicts with prior decisions of this Court.
First, I find it conflicts with Eldridge, Dunham & Co. v. Post (1884), 20 Fla. 579, which held:
“The second proposition of appellants is that by reason of their diligence in *507 filing their bill, the discovery and bringing into court the defendant’s assets, they are entitled to priority over all other creditors to the full extent of their claim with all costs and expenses and a reasonable solicitor’s fee for bringing the fund into court. “That is the rule as adopted by courts of equity upon bills filed by judgment creditors to discover and reach assets not subject to execution at law. The judgment creditor who first institutes a suit and serves his subpoena, or otherwise entitles himself to the law of Us pendens, obtains a lien upon the assets which his bill seeks to reach, and upon obtaining a decree he is entitled to the fruits of his diligence. * * * ”
This quotation appears to be the general rule of law. See 8 Fla.Jur., Creditors Suits, § 31. By their diligence Petitioners-plaintiffs, having first reduced their claim to judgment in an action against the mortgage broker, brought the instant action against the defendant insurance company, surety on the mortgage broker’s bond, securing therein the summary judgment. Under these circumstances the summary judgment constitutes recognition of the priority which the law accords Petitioners over less diligent claimants.
Second, the striking of the summary judgment and the refusal of the District Court of Appeal to interfere with it appear to conflict with the case of State ex rel. Huntley Bros., Inc. v. Gooding (Fla.App., 1st), 149 So.2d 55, where it was held that upon the expiration of ten days (there being no petition for rehearing or other appropriate motion tolling the expiration of jurisdiction) a summary decree became final and the chancellor lost jurisdiction of the parties and the subject matter and had no authority to vacate the decree. The action herein of the circuit judge in striking the summary judgment violated Rule 2.8(b), F.R.C.P., 31 F.S.A., inasmuch as it was vacated some twenty seven days after it was first entered. See the following cases which decided issues analogous to the situation here: Jappe v. Heller (Fla.), 65 So.2d 302; Ganzer v. Ganzer (Fla.), 84 So.2d 591; Scheuermann v. Shamas (Fla.App.-3rd), 97 So.2d 314; Cortina v. Cortina (Fla.), 98 So.2d 334; Batteiger v. Batteiger (Fla.App.-3rd), 109 So.2d 602; Ramagli Realty Co. v. Craver (Fla.), 121 So.2d 649; Morrison v. Morrison (Fla.App.-1st), 122 So.2d 199.
It should be noted this case is not to be confused with those exceptional situations where the trial judge or chancellor has jurisdiction to set aside a void judgment or decree at any time. Those exceptions are well described in Ramagli Realty Co. v. Craver, supra, as follows:
“[12,13] The question of vacating orders or final judgments procured by fraud, deceit or other cause which would render it void is not involved in these proceedings. As between the parties any judgment or order procured from any court by the practice of fraud or deception may in appropriate proceedings be set aside at any time. A void judgment is a nullity, a brutum fulmén and is subject to collateral attack and may be stricken at any time. The passage of time cannot make valid that which has always been void but it can and often does render valid that which was merely voidable or erroneously entered.”
See, also, Kroier v. Kroier, 95 Fla. 865, 116 So. 753.
The instant case involves none of the exceptions mentioned in the quotation above. It does not appear the summary judgment was procured by fraud or deception; it was entered after the issues were reached and after due notice and hearing of Petitioners’ (plaintiffs’) motion for summary judgment. It is true the circuit judge entered the order for interpleader and authorized the defendant-respondent Marguerite Worlds to intervene, but that order was erroneous for the reasons hereinbefore *508 noted. The presumption is that the summary judgment overruled and vitiated the erroneous order for interpleader. No appropriate showing was made pursuant to Rule 1.38, F.R.C.P., 30 F.S.A., that the summary judgment was entered as a result of fraud, deception or clerical mistake. It is true the order of the circuit judge striking the summary judgment states said judgment had been entered adventitiously and without the defendant Marguerite Workis having any notice thereof or opportunity to be heard; but it does not appear she had any right to be heard under the particular circumstances of this case. Furthermore, the statement of the circuit judge that the summary judgment was entered “adventitiously” overlooks that it was entered after due hearing of the said motion seeking it. The summary judgment appears to have been a deliberate, not an adventitious act of the circuit judge. The first version of it was entered February 19, 1964. Five days later it was completely revised by the judge, who entered a new version of it nunc pro tunc. Moreover, the summary judgment directed that the $5,000 paid into the registry of the court pursuant to the earlier order for in-terpleader be paid over to the plaintiffs. This indicates the circuit judge was fully informed that he had required the $5,000 to be paid into the registry of the court and was directing it to be paid to the plaintiffs in order that their priority over other creditors would be sustained.
Third, it appears the circuit judge, twenty seven days after his entry of the original summary judgment and twenty two days after his revised version of it entered nunc pro tunc, struck the judgment from the record as absolutely void. It appears to me he had lost jurisdiction to strike the summary judgment because of the lapse of time, no tolling motions being filed and there being no fraud, deception or clerical mistake involved. Stating that the summary judgment was entered “adventitiously” and without notice to defendant-respondent Marguerite Workis, but without showing fraud, deception or mistake in the particular circumstances of tills case, fails to lay a proper predicate for striking the summary judgment as a nullity. The circuit court’s action appears contrary to Rules 2.8(b) and 1.38, F.R.C.P. Inasmuch as such rules were adopted by formal order or decision of this Court pursuant to Section 3, Article V, of the Florida Constitution, the departure therefrom in this case is subject to our cer-tiorari review since this Court is authorized by Section 4(2) of Article V of the Florida Constitution F.S.A., to “ * * * issue all writs necessary or proper to the complete exercise of its jurisdiction.” If rules enunciated by this Court are not subject to being enforced by this Court in proper cases, our rule-making authority and due implementation thereof will be seriously jeopardized.
I think the decision of the District Court of Appeal refusing certiorari should be quashed and the summary judgment order reinstated.
ROBERTS, J., concurs.