## FOLCARELLI v. WARD et al.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

JUDGMENT (§§ 218, 220*)—ON TRIAL OF ISSUES—FORMAL REQUISITES—RECITALS.
     A judgment on a verdict for defendant should recite the verdict, and should be in form a judgment for the defendant, and not a judgment for dismissal of the complaint, and, being necessarily on the merits, a statement to that effect is unnecessary.

     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 395–399; Dec. Dig. §§ 218, 220.*]

Appeal from Special Term, New York County.

Action by Guiseppe Folcarelli against Julia Ward and another. From an order denying defendant's motion to compel the clerk to enter

judgment dismissing the complaint on the merits, defendant Ward appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, Mc-LAUGHLIN, and SCOTT, JJ.

Abraham Benedict, for appellant.

Loyal Leale, for respondent.

INGRAHAM, J. The action was to recover for a breach of contract of hiring. The complaint alleged that the plaintiff entered into the contract with the defendant whereby the plaintiff was engaged as a tailor at $20 a week and 37 cents per hour for extra time, which contract was to be in force for two years; that the plaintiff continued to work from October, 1904, to June, 1905, when the plaintiff was discharged; and that the plaintiff suffered damage in the sum of $2,-080. The case came on for trial before a jury. The extract of the minutes states that the jury rendered a verdict for the defendant, that a motion to dismiss the complaint had been denied, that a motion for the direction of a verdict had been denied, and that the plaintiff had moved to set aside the verdict and for a new trial, which had also been denied. The costs having been taxed, the defendant Ward applied to the clerk to enter a judgment whereby it was ordered and adjudged "that the complaint herein be and hereby is dismissed upon the merits, and that the defendant Julia Ward recover of the plaintiff" the costs taxed. The clerk refused to enter this judgment upon the ground that it did not follow the disposition of the verdict of the jury according to the minutes of the court. Whereupon the defendant made a motion at the Special Term for an order requiring the clerk to enter judgment in the form presented to him for entry. This motion was denied, and the defendant appeals.

We think the clerk was clearly right in refusing to enter this judgment. The complaint, upon the trial, was not dismissed, but the jury found a verdict for the defendant. The defendant was entitled to have a judgment entered for the defendant upon that verdict. In an action at law, a dismissal of the complaint is a nonsuit, and cannot be on the merits. When the jury has found a verdict for one of the parties to the action, the judgment should recite the verdict, and should be in form a judgment for the party in whose favor the verdict was rendered, upon the issues in the action, and such a judgment is necessarily upon the merits, and no statement in the judgment that it is upon the merits is necessary to determine its effect.

It follows that the order appealed from is right, and it should be affirmed, with $10 costs and disbursements. All concur.