hardly have been sufficient, under the facts as they here appear, to have justified the defendant in causing the arrest.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except BETTS, J., who dissents.

---

(78 Misc. Rep. 350.)

### POLLAK v. DODGE MFG. CO.

(Supreme Court, Appellate Term, First Department.   December 4, 1912.)

1. PLEADING (§ 214*)—DEMURRER—ADMISSIONS.

    A demurrer admits facts alleged in a complaint, but not a legal conclusion averred as to the equivalent of a group of separate facts, from which it is an inference.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. FRAUD (§ 46*)—PLEADING—REPRESENTATIONS.

    The complaint, alleging defendant issued stock and, "in order to attract purchasers and to induce persons to become interested in the sale of the stock," made certain false representations as to its assets and financial condition, and that plaintiff relied on the representations, and was induced to undertake the sale of the stock, and spent time in creating a demand therefor, is insufficient; it not alleging facts showing the representations were calculated or intended to induce brokers or others to engage in selling the stock.

    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 41; Dec. Dig. § 46.*]

Appeal from City Court of New York, Special Term.

Action by Henry Pollak against the Dodge Manufacturing Company. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Ferguson & Ferguson, of New York City, for appellant.
Marshall B. Clarke, of New York City, for respondent.

SEABURY, J. The court below sustained a demurrer to the complaint. This appeal presents the question whether the complaint states facts sufficient to constitute a cause of action.

The complaint, among other things, alleges that the defendant is a foreign corporation, organized under the laws of Indiana, and that in 1890 it authorized an issue of $1,500,000 7 per cent. cumulative preferred stock, divided into 15,000 shares, of $100 each; that "in order to attract investors, and to induce persons to become interested in the sale of the stock," the defendant represented to the public generally, including this plaintiff, that it had assets amounting to $1,700,000, and made other representations as to its financial condition, which are set forth in the complaint. These representations are alleged to have been false, and to have been known to the defendant to be false. The complaint also alleges that defendant, being desirous of disposing of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said stock, made an agreement with a firm known as Wollenberger & Co. that the latter should undertake to dispose of said stock in an amount in excess of $200,000 par value. The complaint further alleges that the plaintiff was engaged as a financial broker in selling and disposing of stocks and bonds, and that he relied upon the truth of said representations made by the defendant, and that "he was induced to undertake the sale of said stock of the defendant company, and that Wollenberger & Co. gave plaintiff the right to sell $200,000 par value of said stock." It is further averred that the plaintiff devoted a large part of his time, energy, and services for several weeks in interesting prospective customers in said stock, and in creating a demand therefor, and that he had "practically" succeeded in effecting the sale of a large amount of said stock, when he became advised of the falsity of the representations made by the defendant, and that, by reason of the fact that such representations were false, the plaintiff was prevented from selling said stock, to his damage in the sum of $5,000.

[1] In testing the sufficiency of this complaint, we must bear in mind that, while the demurrer admits the "facts" alleged, it does not admit the conclusions averred in the complaint. The facts required to be pleaded are not propositions of law, but physical facts, capable as such of being established by the evidence. The pleader cannot aver a legal conclusion as the equivalent of a group of separate facts, from which it is an inference. The allegations should be such, and so stated, as to permit a distinct traverse, and evolve a definite issue. Cook v. Warren, 88 N. Y. 37, 40.

[2] The complaint does not allege that the plaintiff, by reason of said false representations, purchased any of the stock of the defendant; nor does it allege that the said representations were calculated to induce brokers or others to sell said stock. In the absence of one or the other of these allegations, I think that the complaint fails to state any cause of action at all. The adroitness of the pleader seems to have been exercised in so framing his complaint as to evade responsibility for a direct allegation. The allegation of the pleading that the alleged representations were made "to induce persons to become interested in the sale of the stock" seems to be so nicely balanced as to fail to disclose whether the pleader means to allege that the representations were made to invite the public to buy or sell the stock. Such an allegation tenders no issue, and is one that the defendant cannot in safety either deny or admit.

There can be no doubt that, if the statements of the defendant were knowingly false, and were made to induce the public to purchase its shares, any person who relied upon said statements and sustained injury thereby can hold the defendant liable. Downey v. Finucane, 205 N. Y. 251, 98 N. E. 391. So, also, I think it is equally clear that, if such representations had been made to induce brokers or others to act as brokers, and to sell the stock, any person within this class, who relied upon said false representations to his damage, could hold the defendant liable for such damages as immediately followed. The difficulty with this complaint is that, if it is to be construed to allege that the representations were made to induce the public to buy its stock,

it is insufficient in law, because it fails to allege that the plaintiff purchased a, single share of stock. If, on the other hand, the plaintiff seeks to recover because he expended time and labor in acting as a broker of said stock, it is insufficient, because the complaint nowhere alleges that the representations were made to induce brokers or others to sell said stock. In either view the complaint fails to state a cause of action. It is an essential element of a cause of action for fraud and deceit that the alleged representations should be calculated and intended to influence the plaintiff, or that the plaintiff should have been one of the class to whom such representations were addressed, and that such representations should have been calculated and intended to influence members of such a class. That the representations, to be actionable, must be made for the purpose of inducing another to act upon them, was recognized as early as 1789 in the celebrated case of Pasley v. Freeman, 2 Smith's Leading Cases (9th American Ed.) 1300, 3 T. R. 51, where Buller, J., said:

"Every deceit comprehends a lie; but a deceit is more than a lie, *on account of the view with which it is practiced*, its being coupled with some dealing, and the injury which it is calculated to occasion, and does occasion, to another person."

"No one," said Judge Cooley, "has a right to accept and rely upon the representations of others but those to influence whose action they were made. If every one might take up and act upon any assertion he heard made or saw in print as one made for him to act upon, and the truth of which was warranted by the assertor, the ordinary conversation of business and of society would become unsafe, and the customary publication of current news, or supposed news, would only be made under the most serious pecuniary responsibility." Cooley on Torts (3d Ed.) p. 940.

In Pollock on Torts, p. 289, it is said:

"It is not a necessary condition of liability that the representation complained of should have been made directly to the plaintiff, or that the defendant should have intended or desired any harm to come to him. It is enough that the representation was intended for him to act upon, and that he has acted in the manner contemplated, and suffered damage which was a natural and probable consequence."

In Addison on Torts, p. 732, the rule is stated as follows:

"Whether the representation is made to the plaintiff, or to a third party, is immaterial, if it is false to the knowledge of the defendant, and has been made for the purpose of being communicated to the plaintiff, or to a class of persons of whom the plaintiff is one, or even if it is made to the public generally with a view to its being acted on, and the plaintiff, as one of the public, or of such class, acts on it, and suffers damage thereby."

In the present case, the conclusion which the pleader has alleged does not disclose the existence of any fact which shows that the alleged representations were intended to be acted upon by brokers or others who were engaged in selling stocks, or that the defendant ever contemplated that the plaintiff, or the class of whom he was a member, should have acted upon said representations.

In my view of the case, the learned court below was correct in sustaining the demurrer to the complaint, and the interlocutory judgment entered thereon should be affirmed, with costs. All concur.