(81 Misc. Rep. 216.)·

## POLLAK v. DODGE MFG. CO.

(Supreme Court, Appellate Term, First Department.   June 24, 1913.)

1. JUDGMENT (§§ 649, 656*)—RES JUDICATA—JUDGMENT ON THE MERITS.

A judgment entered on a demurrer to the complaint is not on the merits, when predicated on the omission of essential allegations of facts, which may be supplied by amendment; while a judgment predicated on the insufficiency of the facts alleged is on the merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1161, 1167; Dec. Dig. §§ 649, 656.*]

2. PLEADING (§ 218*)—DEMURRER—FAILURE TO AMEND—DISMISSAL ON THE MERITS.

A judgment dismissing the complaint, rendered on plaintiff failing to avail himself of leave to· file an amended complaint, given him on the sustaining of a demurrer with leave to serve an amended complaint, should not be on the merits, where the demurrer was sustained on the ground of the omission in the complaint of an essential allegation of fact, which could be supplied by amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. § 218.*]

Appeal from City Court of New York, Trial Term.

Action by Henry Pollak against the Dodge Manufacturing Company. From a judgment (141 N. Y. Supp. 1104) dismissing the complaint on the merits, plaintiff appeals.   Modified and.affirmed.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Ferguson & Ferguson, of New York City. (Leslie C. Ferguson, of New York City, of counsel), for appellant.

Marshall B. Clarke, of New York City, for respondent.

PAGE, J.   In the complaint in this action a cause of action for damages by reason of false and fraudulent representations is sought to be stated.   The defendant demurred for insufficiency.   The demurrer was sustained, and the plaintiff given six days in which to serve an amended complaint.   An appeal was taken to this court, and the interlocutory judgment was affirmed.   78 Misc. Rep. 350, 138 N. Y. Supp. 429.   The plaintiff failed to avail himself of the leave given to serve the amended complaint, and final judgment was granted dismissing the complaint upon the merits.

[1, 2] The interlocutory judgment merely provided for the dismissal of the complaint upon failure to amend.   The learned justice of the City Court expresses the view that, where an opportunity to amend is not accepted, the judgment should be rendered in such form as to finally and conclusively dispose of the case.   Unless the judgment is upon the merits, the court has no right to make the judgment conclusive by the insertion of these words in the judgment.   A judgment entered upon a demurrer to a complaint setting forth the facts may. be equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be.   Clark v. Scovill, 133 App. Div. 821, 118 N. Y. Supp. 235; Hirshbach v. Ketchum, 79 App. Div. 561, 80 N. Y.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date,.& Rep'r Indexes

Supp. 143; Id., 84 App. Div. 258, 82 N. Y. Supp. 739; Stowell v. Chamberlain, 60 N. Y. 272, 277. But it is not necessarily so, for if the judgment on the demurrer is predicated upon the omission of certain essential allegations of facts, which could be supplied by an amendment, the decision of the court is not then that the facts alleged show that the plaintiff has not a cause of action, but that because certain other facts are not alleged a cause of action is not set forth, and the merits of the plaintiff's cause of action are not determined. In other words, the test is: Does the insufficiency relate to the facts alleged or to the allegation of the facts? If the former, the judgment is upon the merits; if the latter, it is not. Upon an examination of the complaint and the opinion of this court on the former appeal, it appears that the merits were not involved. The facts stated, with certain other facts not sufficiently stated, but which might be stated, would constitute a good cause of action.

The judgment should therefore be modified, by striking therefrom the words "upon the merits," and, as modified, affirmed, with $10 costs and disbursements to the appellant. All concur.