(162 App. Div. 1)

### MALDONADO & CO. v. YGLESIAS et al.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

1. JUDGMENT (§ 642*)—CONCLUSIVENESS—FINALITY OF DETERMINATION.

    A judgment of the Appellate Division, reversing the order of the court below and granting judgment for defendant on the pleadings in an action for libel, without leave to the plaintiff to amend, was necessarily final and upon the merits with respect to the particular libelous article pleaded.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1156; Dec. Dig. § 642.*]

2. PLEADING (§ 350*)—ENTRY OF JUDGMENT—RECITALS—CONFORMITY TO DECISION.

    Where neither the Appellate Division in granting judgment for one defendant on the pleadings, nor the special term in granting judgment for

the other defendant on the pleadings, directed that the dismissal of the complaint should be upon the merits, the clerk had no authority to in-corporate in the judgment a recital that it was upon the merits, and such recital should be stricken on motion whether or not the judgment was in fact on the merits, since the clerk's function is limited to the entry of the judgment or order directed by the opinion, order, or decision of the court, and he has no authority to construe the court's orders or decisions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686, 688, 690; Dec. Dig. § 350.*]

Appeal from Special Term, New York County.

Action by Maldonado & Co. against Luis F. Yglesias and another, copartners doing business as Yglesias, Lobo & Co. From an order amending the judgment heretofore entered by striking out the words "upon the merits" defendants appeal. Affirmed.

See, also, 154 App. Div. 932, 139 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Mark G. Holstein, of·New York City, for appellants.

Adam K. Stricker, of New York City (James J. Franc, of New York City, on the brief), for respondent.

LAUGHLIN, J. [1] This is an action for libel. The alleged libel consisted in writing and mailing a letter which is set out in full in the complaint. The defendant Lobo demurred to the complaint, upon the ground that it failed to state facts sufficient to constitute a cause of action, and thereupon he moved for judgment on the pleadings. The motion was denied at Special Term; but on appeal this court reversed the order and granted the motion. The order entered upon the decision of this court merely reversed the order and granted the motion of the defendant, who had applied for judgment on the pleadings, but without leave to the plaintiff to amend. The opinion of this court written on that appeal (154 App. Div. 520, 139 N. Y. Supp. 102) disposed of the plaintiff's alleged cause of action, based upon the publication of the letter adversely to it; and, since we did not grant leave to amend, the judgment entered upon our decision was necessarily final and upon the merits in favor of the appellant with respect to the particular libelous article pleaded. 23 Cyc. 1152; 31 Cyc. 357; Freeman on Judgments (4th Ed.) § 267; Hirshbach v. Ketchum, 79 App. Div. 561, 80 N. Y. Supp. 143; Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491; Kaplan v. Friedman Construction Co., 148 App. Div. 14, 132 N. Y. Supp. 233. In the meantime the other defendant likewise demurred to the complaint, and moved for judgment on the pleadings. His motion was granted; and, thereupon, without further application to the court, judgment was entered dismissing the complaint upon the merits, with costs.

The motion to strike from the judgment the recital that it was "upon the merits" was not made until long after plaintiff's time to appeal from the judgment had expired; and, since it is plain that· the judgment was upon the merits, and that was shown by the·judgment roll (Code of Civil Procedure, § 1209; Hirshbach v. Ketchum,

supra; Pollak v. Dodge, 81 Misc. Rep. 216, 142 N. Y. Supp. 495), of which, on appeal to the Court of Appeals, our opinion is now a part (Code of Civil Procedure, § 1237, as amended by chapter 535, Laws of 1913), and the plaintiff was not in the least prejudiced by the recital, it is manifest that the motion was made solely with a view to obtaining an extension of plaintiff's time to appeal. That purpose, however, was thwarted by inserting in the order a provision that the amendment was made nunc pro tunc as of the date of the entry of the judgment, and without prejudice to the service of notice of the entry of judgment theretofore made.

[2] The clerk, however, was without authority to permit the entry of the judgment in this form, for neither the order of this court nor, so far as appears, the order of the Special Term, granting judgment on the pleadings on the motion of the defendant Yglesias, directed that the dismissal should be upon the merits. It is not for the clerk on entering judgment to construe the orders or decisions of the court. His function is limited to entering the judgment or order directed by the opinion, order, or decision of the court, and there was no authority to incorporate in the judgment the words "upon the merits," notwithstanding the fact that they do not change its legal effect. Folcarelli v. Ward, 132 App. Div. 316, 116 N. Y. Supp. 1093; Card v. Meincke, 70 Hun, 382, 24 N. Y. Supp. 375; Peggo v. Dinan, 72 App. Div. 434, 76 N. Y. Supp. 565; Petrie v. Trustees of Hamilton College, 92 Hun, 81, 36 N. Y. Supp. 636. See Code of Civil Procedure, §§ 1203, 1222, 1223, 1236. The plaintiff, therefore, was entitled to have those words which were erroneously inserted in the judgment stricken out, and the court is not required, on such a motion, to decide whether or not the judgment is, in fact, upon the merits, and is not at liberty to deny the motion if that be decided in favor of the party entering the judgment, but is required merely to decide whether the incorporation of those words in the judgment was authorized by the order or decision of the court or by any statute. The effect of the judgment must be left to depend upon the adjudication made by the court, and not upon the construction thereof by the clerk.

It follows, therefore, that the order was properly granted, and it should be affirmed, with $10 costs and disbursements. All concur.