FLYNN-HARRIS-BULLARD COMPANY, A CORPORATION, *Plaintiff in Error*, v. H. M. HAMPTON *et al., Defendants in Error.*

Opinion filed Nov. 2, 1915.

Petition for rehearing denied Dec. 21, 1915.

1. A judgment rendered by a court of competent jurisdiction in a cause pending therein that the plaintiffs "take nothing by their plaint, and that the defendant  \*  \*   go hence without day" is a final judgment, and not one of dismissal of the cause.

2. Where a final judgment or decree has been rendered by a court having jurisdiction of the subject matter and of the parties it is binding on the parties and their privies; and such final judgment or decree is a bar to another suit or action between the same parties for the same subject matter. This principle of law is enforced by the courts so that parties may not be vexed more than once for the same cause, and that there may be an end to litigation.

3. Where a final judgment or decree is rendered for the defendant on demurrer, the plaintiff is estopped from maintaining a similar or concurrent action or suit for the same cause upon the same grounds that were disclosed in the first suit or action, for the reason that the judgment determines the merits of the cause as presented by the pleadings affected by the demurrer.

4. A party cannot, either in the course of litigation or in dealings *in pais,* occupy inconsistent positions. Upon that rule election is founded. A man shall not be allowed to approbate and reprobate. And where a man has an election between several inconsistent courses of action, he will be confined to that which he first adopts. The election, if made with knowledge of the facts, is in itself binding. It cannot be withdrawn

without due consent. It cannot be withdrawn though it has not been acted upon by another by any change of position.

5. A garnishee is not by the service of the writ to be placed in any worse condition than if the defendant, his creditor, had brought the action upon the claim which is garnisheed. As to the garnishee, the plaintiffs take the shoes of the defendant, and can assert only the rights of the latter. Any defense which the garnishee could have interposed to defeat a recovery against him if the proceeding had been one directed against him by the defendant for the enforcement of the indebtedness of the garnishee to the defendant may be interposed by the garnishee to prevent the recovery of a judgment against him as garnishee.

Writ of error to Circuit Court, Marion County; W. S. Bullock, Judge.

Judgment reversed.

*C. M. Cooper* and *Chas. P. & J. J. G. Cooper,* for Plaintiff in Error;

*W. I. Evans,* for Defendants in Error.

SHACKLEFORD, J.—H. M. Hampton and M. H. Long instituted an action at law against A. P. Munroe, Robert Munroe and A. N. McDonald, as surviving partners of the firm of Munroe-McEachern & Company, and recovered judgment against such defendants for the sum of $1425.00, together with costs. During the pendency of the action and prior to the entry of such action, the plaintiffs filed their affidavit for a writ of garnishment against Flynn-Harris-Bullard Company, a corporation, which writ was duly issued and served. The garnishee filed its answer, which is as follows:

"Flynn-Harris-Bullard Company, the above named garnishees, for answer to the writ of garnishment served upon it in the above entitled cause, says that it is not now, and was not at the time of the service of the said writ of garnishment, or at any time between said service and the time of filing this answer, indebted to the said defendants in any sum or sums, and that it has no goods, moneys, chattels or effects of the said defendants in its hands, possession or control at the time of making this answer, and did not have at the time of service of said writ upon it or at any time between said times:

"That the said Flynn-Harris-Bullard Company does not know of any person indebted to the said defendants or who may have any of the money, property, chattels or effects of the said defendants in their hands, possession or control;

"That on the 5th day of December, A. D. 1911, said garnishee tendered into the United States District Court for the Southern District of Florida the sum of nine hundred eighty-three 13-100 dollars ($983.13), which it then legally owed to the said defendants. The said tender was made in a case therein pending in which said defendants in this case were plaintiffs and the said garnishee was defendant, and the said plaintiffs in this case were the attorneys for said plaintiffs in said case in the United States Court; that the said plaintiffs in said case in said District Court, at the time they instituted suit against said Flynn-Harris-Bullard Company, were severally liable to said company as endorsers on certain past due notes held by Flynn-Harris-Bullard Company, in the sum of ten thousand seven hundred eighty-three and 92-100 dollars (10,783.92); that the said Flynn-Harris-

Bullard Company was then legally indebted to the said plaintiffs in that suit in the sum of eleven thousand seven hundred sixty-seven and 5-100 dollars ($11,767.05). Thereupon said company pleaded its claim by way of set-off against the said claim of said plaintiffs and tendered into court the said balance·

"That said defendants in this present case, as plaintiffs in the other case, contended that for purely technical reasons, without regard to the merits, that Flynn-Harris-Bullard Company, could not set-off their debt to said company against their claim and refused to take said balance so tendered into court. The said court, however, ruled that the said debt to Flynn-Harris-Bullard Company constituted proper matter of set-off, and sustained the defendant's plea of set-off. Thereupon the said plaintiffs in said suit refused to take said sum so tendered, but applied through their said attorneys, who are now plaintiffs in their present suit, for a final judgment against themselves in full, which was granted by said court, and duly entered, as will more particularly appear from a certified copy of said judgment hereunto attached, and made part of this answer. That the said court thereupon made an order, a certified copy of which is hereto attached, and made part of this answer, directing the clerk of said court to repay the said sum tendered into court, as aforesaid, to the defendant, in accordance with which the clerk so repaid the same:

"That the said case in the United States Court was pending over a course of several years, and occasioned said Flynn-Harris-Bullard Company, great inconvenience, and expense in a sum greater than the said sum so tendered by it and returned to it. That the said

VOL. 70, JUNE TERM, 1915.        235

Flynn-Harris-Bullard Co. v. Hampton et al.—Opinion of Court.

plaintiffs in that case relied upon defeating the said claim of Flynn-Harris Company solely upon a legal technicality, regardless of the merits, to-wit, that their debt to it could not be pleaded as a set-off in that case; that, therefore, the expense occasioned to said garnishee in said other cause was due entirely to the efforts of said plaintiffs in this present cause to defeat a debt upon technical grounds. That their entire suit ignored the merits of said claim of Flynn-Harris-Bullard Company and the court held that their technical position was not legal. That, therefore, morally, the Flynn-Harris-Bullard Company is entitled to retain the said sum which by the legal judgment of said United States District Court it has been awarded to partially reimburse itself for the expenses of said litigation. And the said Flynn-Harris-Bullard Company has not since said judgment and does not now legally or morally owe to the said defendants any sum whatever. That the said plaintiffs in this cause were the attorneys for the defendants in said other cause in the United States District Court aforesaid, and prepared the said judgment and applied for and obtained the entry thereof in said United States District Court."

Certified copies of the judgment and order of the United States District Court referred to in such answer are attached thereto and read as follows:

"In the United States District Court
Southern District of Florida.

Monroe, McEachern & Co.,
          vs.
Flynn-Harris-Bullard Co.

"This day came the parties in the above entitled cause and it appearing to the court that the demurrer of the plaintiffs to the fourth plea of the defendant has been overruled by the judgment of this court, dated June 12, 1914, and that the plaintiffs have filed herein a refusal to join issue upon said fourth plea of the defendant, or to file a replication thereto, and that the defendant is entitled to judgment final on the overruling of said demurrer to said fourth plea, it is thereupon

"CONSIDERED AND ORDERED by the court on application of the plaintiffs, that the plaintiffs, A. P. Monroe, Robert Monroe and A. N. McDonald, as surviving partners of the firm of Monroe, McEachern & Company, take nothing by their plaint and that the defendant, Flynn-Harris-Bullard Company, a corporation, go hence without day; and that the said defendant do have and recover of and from the said plaintiffs, its costs herein taxed by the clerk, for which let execution issue.

"DONE AND ORDERED this 30th day of July, 1914.
     (Signed)          "RHYDON M. CALL,
                              U. S. District Judge."

"In the United States District Court in and for the Southern District of Florida.

Monroe, McEachern & Company,
                    Plaintiffs,
          vs.
Flynn-Harris-Bullard Company,
     a Corporation,
                    Defendant.

"WHEREAS a final judgment upon the overruling of plaintiff's demurrer to defendant's plea of set-off was, upon application of plaintiffs, in the above entitled cause, made and entered therein against the said plaintiffs and in favor of the said defendant, on the 30th day of July, A. D. 1914, wherein and whereby it was ordered and adjudged that plaintiffs take nothing by their suit and that the defendant have and recover its costs and that it go hence without day;

"IT IS THEREFORE ORDERED That the Clerk of this Court be, and he is, hereby authorized and directed to pay over to the said defendant, or its attorneys of record, the sum of nine hundred seventy-three and 13.100 dollars ($973.13) heretofore tendered and paid into the registry of this court by the said defendant.

"DONE AND ORDERED this 17th day of August, A. D. 1014.
     "(Signed)          RHYDON M. CALL, Judge."

After the filing of this answer, the plaintiffs moved for a judgment by default against the garnishee, which

the court denied, but in its order recited and held as follows: "In other words, the answer of this garnishee discloses that the garnishee was legally indebted to this defendant in the sum of $11,767.05, and after claiming the right to set-off the sum of $10,783.92 which said claim of set-off was allowed, there still remained in its hands the sum of $983.13 the property of the defendant. When the sum of money that this garnishee admitted still remained in its hands and 'which it then legally owed defendant,' was paid into court, the defendant refused to accept the same and the court made an order which order is made a part of the answer of the garnishee, returning the money into the hands of the defendant, who is the garnishee here. Such order did not have the effect of adjudicating the money so returned to the defendant, who is the garnishee here, to be the property of any other person other than this defendant and so far as is shown by this answer it is still the property of this defendant.

"The right of the garnishee to hold the property of this defendant as disclosed by this answer is that 'by the legal judgment of the United States District Court it has been awarded to partially reimburse itself for the expenses of the said litigation,' is not sustained by the order made a part of the answer.

"I am of the opinion that there has not been an adjudication by any court that the garnishee has the right to hold this money, the property of the defendant, in their hands, or that any order has ever been made that they were entitled to be partially reimbursed with it for expenses of the litigation.

"The plaintiff not desiring to traverse the answer of the garnishee as to any greater sum of money than said

$983.13, it is now considered and ordered that the garnishee herein by its answer has shown that it has in its hands the sum of $983.13, property of the defendant, and that upon the plaintiff's recovering against the defendant an amount equal to or greater than that sum then they shall have judgment against the garnishee in the sum of $983.13.

"Done and ordered at Chambers, in Ocala, Florida, upon this the 30th day of December, A. D. 1914. Exception noted for garnishee."

On motion of the plaintiffs, the following final judgment was rendered against the garnishee:

"This cause came on this day to be heard upon motion of the plaintiffs for a final judgment against the garnishee Flynn-Harris-Bullard Company, a corporation, and it appearing to the court that this matter has heretofore been brought to the attention of the court on motion for default judgment, which motion was denied, but the court holding at that time that the answer of the garnishee admitted an indebtedness of $983.13, as of the fifth day of November, 1912, and the plaintiffs now, on said answer, moving for judgment for the said sum of $983.13, with interest from the 5th day of November, 1912, and it appearing to the court that the answer, although in the first paragraph thereof denying indebtedness, yet subsequently in the same answer shows an indebtedness to the amount of $983.13 as of the fifth day of November, 1912, said answer is hereby adjudged to be an admission upon the part of the garnishee of an indebtedness of said sum of money and it further appearing to the court that final judgment in the sum of $1475 and costs has heretofore been entered against the defendants

herein, and that the said cause is now ready for disposition of the garnishment proceedings, and the court having found that the plaintiffs are entitled to recover of and from the garnishee said sum of money, and the plaintiffs having by their motion for judgment declined to insist upon the recovery of any greater sum from the garnishee, it is, therefore, ordered and adjudged that the plaintiffs, H. M. Hampton and M. H. Long, do have and recover of and from the garnishee in this action, Flynn-Harris-Bullard Company, a corporation doing business in the State of Florida, the sum of $983.13, for which let execution issue.  Garnishee excepts.

"Done and ordered in open court, at Ocala, Florida, upon this the 15th day of January, A. D. 1915."

This judgment is brought here by the garnishee for review.  Seven errors are assigned, but we do not consider it advisable to treat them in detail, believing, as we do, that, strictly speaking, only one point is necessary to be determined.  This being true, there is no occasion for us to discuss and decide whether all the assignments are properly before us for consideration.  Even if some of them are not so presented, as is contended by the defendants in error, it still remains true that we are called on to determine whether or not upon the showing made by the answer of the garnishee and the attached exhibits the court was warranted in rendering final judgment against the garnishee.  Conceding that in the action in the federal court between the co-partnership of Monroe, McEachern & Co. as plaintiffs and the Flynn-Harris-Bullard Company, a corporation, as defendant, such plaintiffs were, or would have been, entitled to have a judgment rendered against such defendant for the sum of

$983.13 by virtue of the fact that it was indebted to the plaintiffs in such amount, which was tendered and paid into the registry of the court, would not such plaintiffs now be estopped from claiming and demanding such amount by virtue of the fact that the plaintiffs themselves applied to and requested such court to render judgment against the plaintiffs and in favor of the defendant? It seems to us that this question must be answered in the affirmative. Undoubtedly the judgment so rendered must be held to be a final judgment, and not one of dismissal, as is contended by the defendants in error, since it expressly determines that the plaintiffs take nothing by their plaint and that the defendant go hence without day. See Sedgwick v. Dawkins, 18 Fla. 335, and Hall v. Patterson, 45 Fla. 353, 33 South. Rep. 982. It is further true, as we held in Prall v. Prall, 58 Fla. 496, 50 South. Rep. 867, 26 L. R. A. (N. S.) 577, that "Where a final judgment or decree has been rendered by a court having jurisdiction of the subject matter, and of the parties it is binding on the parties and their privies; and such final judgment or decree is a bar to another suit or action between the same parties for the same subject matter. This principle of law is enforced by the courts so that parties may not be vexed more than once for the same cause, and that there may be an end to litigation."

"Where a final judgment or decree is rendered for the defendant on demurrer, the plaintiff is estopped from maintaining a similar or concurrent action or suit for the same cause upon the same grounds that were disclosed in the first suit or action, for the reason that the judgment determines the merits of the cause as presented by the pleadings affected by the demurrer." See also Sauls v.

Freeman, 24 Fla. 209, 4 South. Rep. 525, 12 Amer. St. Rep. 190. See also Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 South. Rep. 435, wherein we held: "The following rule governing quasi estoppels by the election of inconsistent positions or remedies approved: 'A party cannot, either in the course of litigation or in dealings *in pais* occupy inconsistent positions. Upon that rule election is founded. A man shall not be allowed to approbate and reprobate. And where a man has an election between several inconsistent courses of action, he will be confined to that which he first adopts. The election, if made with knowledge of the facts, is in itself binding. It cannot be withdrawn without due consent. It cannot be withdrawn though it has not been acted upon by another by any change of position." We would also refer to American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South. Rep. 942, 16 Ann Cas. 1054.

If Monroe, McEachern & Co., for the reasons which we have just stated, could not successfully maintain an action against the Flynn-Harris-Bullard Company for the recovery of amount so paid into the registry of the federal court and re-paid to such corporation by the clerk under and by virtue of an order of the court, after the entry of the final judgment in favor of such corporation, we are clear that H. M. Hampton and M. H. Long the creditors of such corporation could not maintain the action. As we held in Howe v. Hyer Brothers, 36 Fla. 12, 17 South. Rep. 925: "A garnishee is not by the service of the writ to be placed in any worse condition than if the defendant, his creditor, had brought suit upon the claim which is garnisheed. As to the garnishee, the

plaintiffs take the shoes of the defendant, and can assert only the rights of the latter." Also see 14 Amer. & Eng. Ency. of Law (2nd ed.) 850, where the rule is thus stated, and will be found to be amply supported by the authorities: "As a corrolary of the rule that the liability of the garnishee to the plaintiff does not exceed his liability to the defendant, it follows, of course, that any defense which the garnishee could have interposed to defeat a recovery against him if the proceeding had been one directly against him by the defendant for the enforcement of his indebtedness may be interposed by him to prevent a judgment charging him as garnishee."

It necessarily follows from what we have said that the judgment must be reversed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.