MILLARD F. CALDWELL, as Governor for the State of Florida, for the use and benefit of E. K. HAWKINS, as Administrator d.b.n. of Estate of Wise Perry, deceased, v. MASSACHUSETTS BONDING & INSURANCE CO.

29 So. (2nd) 694                              January Term, 1947
April 1, 1947                                          Division B
Rehearing Denied April 16, 1947

*Carroll Dunscombe,* for appellant.

*Earnest, Lewis & Smith,* for appellee.

BUFORD, J.:

This is the second appearance of this case here (see Holland as Governor ex rel Hawkins v. Massachusetts Bonding & Insurance Company, 156 Fla. 583, 23 Sou. (2d) 761, the difference being that in that suit Holland was named as Governor and in this suit his successor, Caldwell, is named.

After the mandate went down following the result of disposition on the former appeal the plaintiff filed a new suit on the same cause of action alleging some items of damage which had not been alleged in the former action. Under the former appeal we affirmed a judgment entered on demurrer sustained to declaration. After demurrers had been sustained to the original and several amended declarations, defendant moved to dismiss, which motion was as follows:

"Comes now the defendant in the above entitled cause by its undersigned attorneys and respectfully moves the court to dismiss the above entitled cause for the reason that the certain Final Judgment, bearing date the 6th day of September, A. D. 1945 and recorded in the minutes of this Circuit Court in Book Number 51 at page 278, made and rendered by this Honorable Court in that certain cause lately pending in the above entitled Court, wherein Spessard L. Holland, as Governor of the State of Florida for the use and benefit of E. L. Hawkins, as Administrator d.b.n. of the estate of Wise Perry,

deceased, was plaintiff, and the defendant herein was defendant therein, a copy of said Final Judgment being hereto attached, marked Exhibit 'A' and made a part hereof as if set forth in haec verba, is Res Judicata of this cause and defendant presents herewith the affidavit hereto attached, marked Exhibit 'B'."

And therewith filed affidavit by his attorney as follows:

"Before me, a Notary Public duly authorized to administer oaths, personally appeared R. K. Lewis, who being by me first duly sworn deposes and says that he is an attorney at law of counsel for the defendant in each of the two cases pending before the Circuit Court of Palm Beach County, Florida, entitled as follows:

" 'Case No. 1 Spessard L. Holland, as Governor of State of Florida, ex rel. E. L. Hawkins as Administrator d.b.n. of the estate of Wise Perry, deceased, Plaintiff, Common Law Case No. 9878, v. Massachusetts Bonding & Insurance Company, a Surety Corporation authorized to do business in Florida, Defendant.

" 'Case No. 2: Millard F. Caldwell, as Governor of the State of Florida for the use and benefit of E. L. Hawkins, as Administrator D.B.N. of the Estate of Wise Perry, deceased, Plaintiff, Common Law Case No. 10,128, v. Massachusetts Bonding & Insurance Co., Defendant.'

"That the case aforesaid resulted in a Final Judgment, copy of which is hereto attached, marked Exhibit 'A' and said Judgment was subsequently affirmed by the Supreme Court of the State of Florida in the following decision, to-wit.: Holland, Governor, ex rel Hawkins v. Massachusetts Bonding & Ins. Co., 156 Fla. 588, 23 So. 2d 761; that the bond or cause of action sued upon, parties and their respective capacities, are identical in both of the cases aforesaid.

"Further affiant sayeth not."

On hearing, after due notice, the Circuit Court made the following order:

"This is a second suit filed in this court between the same parties and upon the identical cause of action. Final Judgment for defendant was entered in the former action and the Judgment has been affirmed by the Supreme Court of Florida.

See Holland etc. v. Massachusetts Bonding & Insurance Co., 156 Fla. 583, 23 So. (2d) 761. In effect the present suit is no more than a continuation of the former one, and, under the circumstances, this Court must take notice of the record in that proceeding. The Final Judgment was that 'plaintiff do take nothing by his writ, and that the defendant go hence without day." Plaintiff may not prosecute the same action. See Flynn, etc. v. Hampton, 70 Fla. 231, 70 Sou. 385.

"THEREUPON IT IS ORDERED AND ADJUDGED that this action be and the same is hereby dismissed, with costs in the sum of $10.00 taxed against plaintiff, for which let execution issue.

"DONE AND ORDERED, this December 16, A.D. 1946."

We think that it was sufficiently made to appear to the court below that the second suit was upon the identical cause of action upon which the first suit was brought and that by the final judgment against the plaintiff in the first case the second suit on the same cause of action was barred.

It is stated in 30 Am. Juris. page 910, Sec. 165, as follows:

"The doctrine of res judicata may be said to inhere in the legal systems of all civilized nations as an obvious rule of expediency, justice, and public tranquility. Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine or res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction and should not be permitted to litigate it again to the harassment and vexation of his opponent. The doctrine of res judicata not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to the judicial proceedings. It is considered that a judgment presents evidence of the facts of so high a nature that nothing which could be proved by evidence aliunde would be sufficient to overcome it; and therefore, it would be useless for a party against whom it can be properly applied to adduce any such evidence, and accordingly he is estopped or precluded by law from doing so. Sometimes it is said that it is not the re-

covery but the matter upon which the recovery proceeds which creates the estoppel."

In Flynn-Harris-Bullard Company v. Hampton, 70 Fla. 231, 70 Sou. 385, we quoted from Prall v. Prall, 58 Fla. 496, 50 Sou. 867, 26 L.R.A. (N.S.) 577, saying:

"Where a final judgment or decree has been rendered by a court having jurisdiction of the subject matter and of the parties, it is binding on the parties and their privies; and such final judgment or decree is a bar to another suit or action between the same parties for the same subject matter. This principle of law is enforced by the courts so that parties may not be vexed more than once for the same cause, and that there may be an end to litigation.

"Where a final judgment or decree is rendered for the defendant on demurrer, the plaintiff is estopped from maintaining a similar or concurrent action or suit for the same cause upon the same grounds that were disclosed in the first suit or action, for the reason that the judgment determines the merits of the cause as presented by the pleadings affected by the demurrer. See also Sauls v. Freeman, 24 Fla. 209, 4 South. Rep. 525, 12 Amer. St. Rep. 190."

The appellant contends that the record of the former judgment was not properly presented to the court below and that it should have been presented by plea. It seems to us that there was no reversible error committed by the court below in considering the former record when brought to its attention in the manner in which it was accomplished in this case. The record was specifically presented to the court and the appellant admits that both suits were on the same cause of action but he contends that in his second suit he had shown elements of damage not alleged in his first suit.

In the case of Prall v. Prall, supra, the distinction was made between second suits involving the same cause of action and second suits involving a different cause of action but between the same parties.

This case falls under the rule as to a second suit on the same cause of action and the final judgment in the first suit is held to be conclusive in the second suit as to every question

that was presented in the first suit or might have been on the pleadings presented and determined in the first suit.

Aside from all this, the amended declaration fell far short of alleging the facts necessary to show the plaintiff's right to recover. Therefore, the demurrers were properly sustained.

The judgment is affirmed.

THOMAS, C.J., ADAMS and BARNS, JJ., concur.