TERRELL, Justice.
Edwin Easter Haskin, a resident of Palm Beach County, died October 23, 1949. On petition of his surviving brother and sister, J. K. Williams .and George W. Coleman were appointed administrators of his estate. Notice to creditors was given and appellant filed claim to the entire estate on the theory that during his lifetime, for a valuable consideration, deceased agreed to make a will naming her his sole beneficiary. The administrators petitioned the court to determine the beneficiaries pursuant to Section 734.25, Florida Statutes 1949, F.S.A. *321 On final hearing the probate judge entered the following order:
“3. That the respondent Alice Lit-tig Siems has no valid claim against the estate of the Decedent, said respondent is not a beneficiary of the estate of Decedent and said respondent is not entitled to any distribution of all or any part of the assets left by the Decedent.
“4. That the Decedent’s sister, Loraine Haskin Evans and his brother, Walter E. Haskin, are the only heirs at law and next of kin of Decedent and the only beneficiaries of the estate of Decedent * * *
Said order was affirmed by the Circuit Court and the judgment of the Circuit Court was, on appeal, affirmed by this Court. In re Estate of Haskins, Fla., 56 So.2d 723, hereinafter referred to as the first judgment.
March 30, 1952, appellant instituted this proceeding in the Circuit Court, praying for declaratory decree to determine that plaintiff Alice Littig Siems Haskin was the wife of Edwin E. Haskin at the time of his decease. The administrators answered, denying the material allegations of the petition and moved for summary judgment. At hearing on the latter motion, the Court dismissed the complaint with prejudice and held that the Probate Court had sole jurisdiction. Appellant then moved to revoke order for appointment of administrators. The Probate Court dismissed the petition with prejudice. This order was, on appeal, affirmed by the Circuit Court and will hereinafter be referred to as the second judgment, from which we are confronted with an appeal.
The real point for determination is whether or not the first judgment is res adjudicata as to the point raised in the present appeal.
We think the question is concluded by Knabb v. Duner, 143 Fla. 92, 196 So. 456, wherein we held that a judgment on the merits, rendered in a former suit between the same parties or their privies on the same cause of action by a court of competent jurisdiction, operates as an es-toppel, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. See also Caldwell, for Use And Benefit of Hawkins v. Massachusetts Bonding & Insurance Co., 158 Fla. 677, 29 So.2d 694; Wolfson v. Rubin, Fla., 52 So.2d 344.
The first judgment held that the brother and sister of deceased were entitled to his estate; that appellant had no valid claim to it whatever. In the present suit she claims said estate as the common-law wife of deceased but the facts to establish her claim are no different from what they were or could have been in the first case. In fact, nothing is presented in the second case that might not have been properly presented and settled in the first case.
The judgment is affirmed on authority of the cases cited.
Affirmed.
HOBSON, C. J., and SEBRING and MATHEWS, JJ., concur.