SEBRING, Justice.
This is the second appearance of the parties in this court.
As a predicate for the first appearance of the parties here, the appellant ICautz-mann filed a complaint in the court below in which he alleged, in substance, that he requested the defendant, a druggist, to fill two prescriptions for him, one for external use and the other for internal use; that the defendant negligently and carelessly switched the labels on the two bottles of medicine and plaintiff was thereby, caused to take internally a large bottle of medication prescribed for external use; that approximately three weeks after he had taken the medicine, the plaintiff applied to the defendant for a refill and thereupon was advised by the defendant that a mistake had been made in labeling the bottles; that upon being advised of this fact the plaintiff became so highly nervous, worried and upset that shortly thereafter, as a proximate result of defendant’s negligent act, he suffered severe mental pain and anguish which caused a physical injury, namely, a peptic ulcer, as a result whereof he incurred doctors’, hospital, nurses’ and medical expense.
The defendant moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. The trial court granted the motion with leave to the plaintiff to amend. The plaintiff declined to amend his complaint and allowed final judgment on the pleading. Subsequently, he appealed from the judgment. Being of opinion that the complaint failed to state a claim for recovery, because of the fact that the complaint showed on its face that the alleged negligent conduct of the defendant in mislabeling the bottles was not the direct proximate cause of the alleged injury but that the alleged injury could have resulted only from an independent intervening cause not shown to have been negligence in and of itself, namely, the imparting of the information by the defendant that the bottles had been mislabeled, this Court affirmed the judgment of the trial court without opinion. Kautzmann v. James, Fla., 58 So.2d 442. Compare Tampa Elec. Co. v. Jones, 138 Fla. 746, 190 So. 26; Cone v. Inter County Tel. & Tel. Co., Fla., 40 So.2d 148.
After the mandate of this Court went down, the plaintiff instituted a new suit against the defendant. In his complaint the plaintiff alleged essentially the same facts as were pleaded in the complaint filed in the first action, except that he omitted therefrom the allegation appearing in the first complaint to the effect that approximately three weeks’ time had intervened between the date he had taken the medicine and the date he had been informed that a mistake in labeling had been made. He also reframed his averments as to the cause of injury by alleging not that the physical injury, namely the peptic ulcer, resulted from the mental pain and anguish attendant upon the discovery that the bottles had been mislabeled, as was alleged in the first complaint, but that the peptic ulcer directly and proximately resulted from consuming the wrong medicine as the result of mislabeling.
The defendant filed an answer to this complaint to the effect that the plaintiff was barred from maintaining the second suit by reason of the final judgment rendered in the prior proceeding. The trial *38 court sustained this defense and entered a summary judgment against the plaintiff.
The question on this appeal is whether the cause of action stated in the complaint in the second suit is barred by the final judgment dismissing the complaint in the prior litigation.
The appellant maintains that the trial court erred in sustaining the defense of res judicata, in the face of the established rule of this jurisdiction that “where a demurrer is sustained because of the omission of a material allegation from the plaintiff’s pleading, the judgment sustaining the demurrer will not prevent the maintenance of a new suit on the same cause of action in which the plaintiff’s pleadings supply the missing averment.” See Florida Southern Ry. Co. v. Brown, 23 Fla. 104, 1 So. 512; Fulton v. Gesterding, 47 Fla. 150, 36 So. 56; Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577; McKinnon v. Johnson, 59 Fla. 332, 52 So. 288; Kroier v. Kroier, 95 Fla. 865, 116 So. 753.
We find no error in the ruling.
It is the rule that a judgment on demurrer based on merely formal or technical defects will not preclude the filing of an amended complaint setting forth a good cause of action, or operate as a bar to a second suit on the same cause of action. Thus when the plaintiff failed in the first suit simply by reason of the omission of a material allegation, a second suit in which the complaint supplies the additional allegation of fact would be in order, by the principle stated. However, the rule is not applicable where the judgment entered on demurrer was on account of some inherent defect in the case shown by the complaint, rather than for any omission of necessary or proper allegations. Black on Judgments, 2nd ed., Vol. II, sections 707-9. As the matter is stated in 34 C.J., Judgments, § 1219: “A judgment on a demurrer which goes to the merits, raising a question of substance and not merely one of form, and disposing of the whole cause of action, is a complete bar to a subsequent suit on the same claim or demand.” See 50 C.J.S., Judgments, § 643.
The qualifying principle has been recognized in the decisions of this Court. For in Flynn-Harris-Bullard Co. v. Hampton, 70 Fla. 231, 70 So. 385, 388, it is stated: “Where a final judgment or decree is rendered for the defendant on demurrer, the plaintiff is estopped from maintaining a similar or concurrent action or suit for the same cause upon the same grounds that were disclosed in the first suit or action, for the reason that the judgment determines the merits of the cause as presented by the pleadings affected by the demurrer.” See also Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577.
As to when a final judgment on demurrer is conclusive on the merits, the test is: Does the insufficiency of the complaint relate to the facts alleged or to the allegation of the facts? If the defect is in the facts affirmatively set forth, the judgment is upon the merits; if there is merely an insufficiency in the allegations, the judgment is not conclusive on the merits. See 34 C.J., Judgments, § 1219, note 77(a).
The foregoing principle is made plain in Pollack v. Dodge Mfg. Co., 81 Misc. 216, 142 N.Y.S. 495, wherein it is said: “If the judgment on the demurrer is predicated upon the omission of certain essential allegations of fact, which could be supplied by an amendment, the decision of the court is not then that the facts alleged show that the plaintiff has not a cause of action, but that because certain other facts are not alleged a cause of action is not set forth, and the merits of the plaintiff’s cause of action are not determined. In other words, the test is: Does the insufficiency relate to the facts alleged or to the allegation of the facts? If the former, the judgment is upon the merits; if the latter, it is not. Upon an examination of the complaint and the opinion of this Court on the former appeal, it appears that the merits were not involved. The facts stated, with certain other facts not sufficiently stated, but which might be stated, would constitute a good cause of action.”
Freeman explains the principle in slightly different fashion from that employed above, but reaches the same conclusion: “A plaintiff to whose complaint a demurrer has been sustained may be es- *39 topped in a new action upon the same matter from alleging facts inconsistent with those alleged in the first action. But such a rule, while based on estoppel, is not the estoppel arising from the judgment as res judicata but rather that arising where a party litigant attempts to assume inconsistent and contradictory positions with respect to the same matter.” Freeman on Judgments, Vol. II, Sth ed., sec. 747. See Royal Insurance Company v. Stewart, 190 Ind. 444, 129 N.E. 853.
None of the prior decisions of this Court that are relied on by the appellant to support his appeal is in conflict with what is herein stated. Each of them involved the situation where a plaintiff who had failed in the first suit on account of the omission of a material allegation was allowed to proceed in the • second suit when he supplied the material allegation.
As typical of the cases relied on, Florida Southern Ry. v. Brown, 23 Fla. 104, 1 So. 512, involved a case wherein the plaintiff sued to recover damages against the defendant for injury to his property in consequence of the defendant’s laying and operating a railroad in the street on which his real estate abutted. Demurrer was sustained to the declaration and judgment was entered. Subsequently the plaintiff instituted a new suit upon the same cause of action, alleging in his declaration not only that he owned property abutting on the street as was first alleged, but also that he owned the fee to the center of the street. The declaration in the first suit did not contain an allegation relative to the essential fact of ownership by the plaintiff of the fee to the center of the street on which his property abutted, and without this allegation the suit was not maintainable. The declaration in the second suit supplied this essential allegation. Inasmuch as there was no inconsistency between the facts as alleged in the two declarations but merely the addition of an essential allegation of fact in the second suit which was missing from the first declaration, the judgment in the first suit was no bar to the maintenance of the second proceeding. Compare Prall v. Prall, 58 Fla. 596, 50 So. 867; McKinnon v. Johnson, 59 Fla. 332, 52 So. 288; Kroier v. Kroier, 95 Fla. 865, 116 So. 753.
As respects the situation of the parties at bar, the complaint filed by the appellant in his -first suit alleged “that the defendant [on or about October 18, 1948] * * * negligently * * * caused or permitted the labels * * * on said bottlés to be reversed * * * that the plaintiff * * in ignorance thereof did take and consume internally * * * the medicine prescribed for external use * * * that on or about November 9, 1948, the plaintiff caused the prescription to be refilled by the defendant, and was advised by the defendant for the first time of the fact that the medicine had been mislabelled * * * that as a proximate result of the negligence of the defendant * * * the plaintiff became upset, nervous and worried and as a direct result thereof * * * suffered great physical and mental pain and anguish * * * and his condition grew progressively worse until thereafter he developed a peptic ulcer * * * which became ruptured as a direct result of said nervousness * * Thus, the appellant rested the sufficiency of his case upon the allegation that mental suffering resulting from the discovery that the bottles had been mislabeled caused the physical injury, and when this was ruled to be insufficient, he refused to amend his complaint in this particular.
Finding eventually, by virtue of the ruling of this Court, that a recovery of damages was not warranted upon the facts alleged, the appellant filed a new suit in which he apparently sought to remold the facts so as to allow him to stay in court, for forsaking his original assertion that the physical injury resulted from the nervous condition engendered by the discovery that he had taken the wrong medicine, for the different and inconsistent averment that the physical injury resulted directly and proximately from drinking the medicine.
This he is not allowed to do, under the principle above stated. The allegation as to the manner in which an alleged injury occurred is the allegation of a material fact. It must be presumed that when, in his first complaint, the plaintiff alleged *40 an injury as having occurred in a certain manner he alleged the fact truthfully, and he will not be heard in a subsequent suit to allege that his injury occurred in a different manner, and thereby put the defendant to the defense of a second suit bottomed upon an alleged cause of action that was set at rest by a judgment in the first suit. “ ‘This principle of law is enforced by the courts, so that parties may not be vexed more than once for the same cause, and that there may be an end to litigation.’” Flynn-Harris-Bullard Co. v. Hampton, supra. See also G. L. Miller & Co. v. Carmichael-McCalley Co., 91 Fla. 1071, 109 So. 198.
The judgment appealed irom should be affirmed.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ„ concur.