## COLLINS v COLLINS
### Case No. 89-6214
Thirteenth Judicial Circuit, Hillsborough County

October 2, 1990

### APPEARANCES OF COUNSEL

**Alan F. Gonzalez, Esquire,** Gonzalez & Scaglione, P. A., for plaintiff.

**Stevan T. Northcutt, Esquire,** Levine, Hirsch, Segall & Northcutt, P.A., for defendant.

### OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the court on Defendant's Motion for Summary Judgment, filed May 14, 1990 (the "Motion"). The court, having considered the Motion, memoranda of counsel, and applicable Florida case law, and having taken judicial notice of the Pasco County

court file, which is intrinsically involved in this matter, holds that the Motion is GRANTED.

## BACKGROUND

This case involves a continuing controversy by brother against brother. At issue is a deed and conveyance of certain real property located in Hillsborough County. In an action filed in Pasco County Circuit Court, Edwin Ken Collins ("Defendant") brought suit against Philip D. Collins ("Plaintiff") on property located in Pasco County. Plaintiff counterclaimed and asserted claims pertaining to Pasco County property; additionally, in Count V of the Counterclaim, the subject of the present cause of action, Plaintiff asserted a cause of action on property located in Hillsborough County.

Plaintiff alleged that he had conveyed to Defendant property by deed, with Defendant to pay a sum of $5,197.91 as consideration for such conveyance. When Defendant failed to meet these alleged obligations, Plaintiff sought rescission of the conveyance as a result of breach or, in the alternative, damages in the amount of Defendant's obligations.

Pasco County Circuit Court Judge Maynard F. Swanson, Jr., dismissed Count V of the Counterclaim with prejudice; such dismissal took place without explanation of the court's reasoning or findings. Plaintiff filed a "notice of appeal" which included an appeal of Count V; however, in the Brief presented to the Second District Court of Appeal, Plaintiff made no mention of Count V.

The controversy that swirls about this disputed conveyance did not end with the culmination of the Pasco County suit. Plaintiff sought this court's ruling on three counts: Count I is for rescission based upon fraud committed by Defendant; Count II is for a vendor's lien to secure payment of the purchase price; and Count III is for damages based upon the unpaid purchase price plus other expenses. Plaintiff asserted the authenticity of the Pasco County pleadings. Defendant denied all allegations of wrongdoing and pleaded res judicata as an affirmative defense.

## DISCUSSION AND APPLICATION OF LAW

The doctrine of res judicata is well-founded in Florida law. Res judicata is used by courts to bring litigation to an expeditious conclusion, to avoid "piecemeal" appeals, and to provide stability and certainty to judicial decisions. *Strazzulla v Hendrick,* 177 So.2d 1, 3 (Fla. 1965); *John Alden Life Ins. Co. v Cavandes,* 591 F. Supp. 362, 368 (S.D. Fla. 1984). However, the doctrine is to be applied with

flexibility. Courts are more concerned with the fair administration of justice than with the rigid application of a principle designed to terminate litigation. *Universal Constr. Co. v City of Ft. Lauderdale,* 68 So.2d 366, 369 (Fla. 1953); *Wallace v Luxmoore,* 24 So.2d 302 (Fla. 1946).

Plaintiff asserts that res judicata cannot be applied to this action because the Pasco dismissal did not constitute an "adjudication on the merits," as is necessary for the application of res judicata. Plaintiff notes correctly that the record of the Pasco suit does not detail the findings of fact or rationale used by the court in reaching its decision. Plaintiff contends that this lack of explanation render the Pasco decision a different suit. In this latter assessment, Plaintiff is incorrect. A prior decision that there was no basis for suit is grounds for applying res judicata to bar a subsequent suit. *Wicker v Board of Education of Dade County,* 288 F.2d 297 (5th Cir. 1961). A final decree of dismissal is presumed to be on the merits of the case and is subject to be plead as res judicata in the event of a new suit. *Tyson v Aikman,* 31 So.2d 272 (Fla. 1947). An adjudication on the merits has the effect of establishing a final judgment and will support res judicata principles. *Malunney v Pearlstein,* 539 So.2d 493 (Fla. 2d DCA 1989). The Pasco dismissal is presumed to be an adjudication on the merits, and this fact has not been overcome by Plaintiff. Finally, and perhaps most importantly, a dismissal with prejudice is deemed an adjudication on the merits. *Drady v Hillsborough County Aviation Auth.,* 193 So.2d 201 (Fla. 2d DCA 1966), *cert. denied,* 210 So.2d 223 (Fla. 1968).

The Pasco dismissal is valid under Florida Rule of Civil Procedure 1.420(b), which reads in part:

Unless the court in its order for dismissal otherwise specifies, a dismiss under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits. Plaintiff has not proved that any of these situations exist or even have been addressed, thereby obviating his belief in their existence. There is nothing contained in the Pasco order for dismissal which indicates anything other than an adjudication on the merits, and the fact that the dismissal was with prejudice clearly is indicative of that court's desire. Therefore, this court determines that the Pasco dismissal was an adjudication on the merits. This court now must determine whether res judicata is applicable in this case to bar suit.

Res judicata is grounded upon the theory that if an affected person

has litigated or has had an opportunity to litigate a matter, then public policy demands that the party not be allowed to litigate the issue again. *Caldwell v Massachusetts Bonding & Ins. Co.,* 29 So.2d 694, 695 (Fla. 1947); *Rhyne v Miami-Dade Water & Sewer Auth.,* 402 So.2d 54, 55 (Fla. 3d DCA 1981), *rev. denied,* 412 So.2d 469 (Fla. 1982). There are four conditions particular to the application of res judicata: (1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) quality in person for or against whom claim is made. *See, e.g., Pfeiffer v Roux Laboratories, Inc.,* 547 SO.2d 1271, 1272 (Fla. 1st DCA 1989); Fla. Digest 2d, Judgment § 540. In summation, if the elements of the second suit are essentially the same as those already litigated in the first suit, then res judicata precludes continuance of the second suit. *Albrecht v State,* 444 So.2d 8, 12 (Fla. 1984).

Plaintiff contends that res judicata will bar suit only when a cause of action previously adjudicated is identical to the cause of action now at issue, citing *Bondu v Gurvich,* 473 So.2d 1307 (Fla. 1st DCA 1984), *rev. denied,* 474 So.2d 7 (Fla. 1986), as authority. Plaintiff has erred in relying on this point, for the *Bondu* case stands for the proposition that res judicata will not bar a subsequent suit when new facts arise prior to its filing. As correctly asserted by Defendant, Plaintiff has relied in error on an interpretation of *Bondu* to equate the term "identical" with the identity requirement as stated in *Pfeiffer.* No additional factual or legal issues have arisen between the time of dismissal of the Pasco case and the beginning of this suit; therefore, *Bondu* may not be relied upon by Plaintiff.

Plaintiff asserts that res judicata is not applicable in this case, stating that the factual allegations, theories of recovery and types of relief contained in the Second Amended Complaint are much more expansive and extensive than those embraced in the prior suit; therefore, Plaintiff contends, this suit is altogether a new case which is not barred by res judicata. Defendants counters that this suit merely realleges facts that were previously decided, albeit in a different fashion.

This court finds that while Plaintiff is correct in stating that technically he is litigating different matters, this court nevertheless is persuaded to apply res judicata principles to bar the suit. The mere changing of a theory of recovery does not constitute a distinct and new cause of action, *Signo v Florida Farm Bureau Casualty Ins. Co.,* 454 So.2d 3, 5 (Fla. 4th DCA 1984), and the application of res judicata cannot be avoided simply by adding to or altering the desired form or relief. *Caldwell, supra,* 29 SO.2d at 695.

The only methods by which Plaintiff has altered his claims are by asserting fraudulent breach of the purchase agreement and by altering the facts contained in the Pasco complaint so as to support this new theory. The fraudulent breach theory cannot be considered to be a separate and distinct allegation, for it is merely a continuance of Plaintiff's original theory of simple breach of contract. As for changing the factual allegations in order to suit this new theory, Defendant is correct in asserting that Plaintiff is bound by the allegations of his pleadings. *Kautzmann v James,* 66 So.2d 36, 39-40 (Fla. 1953), in which a party was not allowed to alter his story in a subsequent proceeding, is controlling in this situation. Thus, Plaintiff's changes are not of enough substance to avoid the application of res judicata. Even if the allegations contained in this case are different from those in the Pasco suit, they are not issues which were precluded from determination in the prior suit; rather, these issues and allegations were never discussed in the prior suit, despite the potential for such determination. As such, res judicata applies to bar this subsequent suit because these "new" issues could have been litigated and asserted by Plaintiff in the Pasco suit, *see, e.g., Braden v Braden,* 436 So.2d 914, 915 (Fla. 2d DCA 1983). Plaintiff's failure in the prior action should not be grounds for allowing additional litigation.

## CONCLUSION

Therefore, upon full consideration and review of Defendant's Motion for Summary Judgment, this court finds that the said Motion is GRANTED.

DONE and ORDERED in Chambers in Hillsborough County, Florida, this 2nd day of October, 1990.